# Supreme Court of Florida

_____

No. SC17-152

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE—2017 REGULAR-CYCLE REPORT.**

October 25, 2018

PER CURIAM.

The Florida Bar's Appellate Court Rules Committee (Committee) has filed its regular-cycle report proposing amendments to the Florida Rules of Appellate Procedure (Rules). *See* Fla. R. Jud. Admin. 2.140(b). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## BACKGROUND

The Committee proposes a new rule, as well as a number of amendments to existing appellate rules and forms.[1] The Board of Governors of The Florida Bar unanimously approved the proposals. The Committee published the proposed

---

    1. The report also proposed substantial amendments to rule 9.800 (Uniform Citation System). On May 31, 2017, the Court issued an order severing those proposals from the instant case; they have been considered in *In re Amendments to Florida Rule of Appellate Procedure 9.800*, No. SC17-999 (Fla. Oct. 25, 2018).

amendments in *The Florida Bar News* before submitting them to the Court. It received four comments; in response to these comments, the Committee revoked several of its original proposals and revised one proposal.

After the Committee's report was filed with the Court, the Court published the amendments for comment. We received comments from the chief judges of the Sixteenth Judicial Circuit and the Second Judicial Circuit, and from attorney Ellie Bertwell, the rules attorney for Aderant CompuLaw. The Committee filed a response to the comments; in some instances, the response included revised rule proposals. The Court held oral argument on the proposed amendments.

After fully considering the Committee's proposals, the comments, the Committee's response, and the issues discussed at oral argument, we adopt the majority of the Committee's proposed amendments, with some revisions, as discussed in this opinion. However, as addressed below, we decline to adopt, at this time, the Committee's proposal to amend rule 9.030(c) (Jurisdiction of Courts; Jurisdiction of Circuit Courts) to add new subdivision (c)(4) (Panels), requiring that matters within the circuit court's jurisdiction under rule 9.030 be considered by a panel of three judges, and we direct that a special workgroup be established to further study this important issue. We discuss the new rule and the more significant rule amendments below.

**AMENDMENTS**

First, we amend rule 9.020 (Definitions) to delete existing subdivision (h) (Applicability of Florida Rules of Judicial Administration); this provision will now be included in rule 9.010, renamed "Effective Date; Scope; Applicability of Florida Rules of Judicial Administration." Also in rule 9.020, we amend subdivision (i), re-lettered as subdivision (h), to reorganize and clarify the definition of the term "Rendition (of an Order)." As amended, subdivision (h) includes new subdivisions (h)(1) and (h)(2). Subdivision (h)(1) (Motions Tolling Rendition) lists the specific motions that, if authorized in a proceeding and if timely filed by a party, toll rendition of an order. We have revised the Committee's proposal in subdivision (h)(1)(E) so that motions for judgment in accordance with a prior motion for directed verdict and motions for arrest of judgment are listed separately in subdivisions (h)(1)(E) and (h)(1)(F). New subdivision (h)(2) (Effect of Motions Tolling Rendition) incorporates existing language describing the effect on the final order when any motion authorized in subdivision (h)(1) is filed in the lower tribunal.

The Committee proposes several amendments to rule 9.030 (Jurisdiction of Courts). The most significant of these is proposed new subdivision (c)(4) (Jurisdiction of Circuit Courts; Panels), which would require that matters within the circuit court's jurisdiction under the rule be considered by a panel of three judges, with the concurrence of two judges necessary to a decision. In proposing

this change, the Committee indicates in the report that it conducted substantial research as to appellate practices in most of the circuit courts in Florida. The results of such research indicated that appeals to the circuit court are handled differently across the state—some circuits, for example the Sixth and Eleventh Circuits, require that most or all appeals be heard by a panel of circuit judges, while a number of other circuits do not utilize such panels. The Committee maintains that an appellate rule requiring panels of three judges to decide appeals in the circuit court, similar to the way appeals are heard in the district courts of appeal, would serve as an important safeguard to the rights of litigants; it suggests that such review promotes better decision making, reduces mistakes, eliminates extremes and bias, and promotes stability and fairness.

The Court received comments opposed to the Committee's proposal from the chief judges of the Sixteenth and Second Circuits. The chief judges express concern that a rule *requiring* three-judge panels to hear all appeals in every circuit will result in an increased workload for judges, judicial assistants, and court staff, and would ultimately make the timely disposition of appeals more challenging. They also emphasize that the Committee's proposal here would be particularly burdensome on the smaller or less populous circuits with fewer judges. Significantly, we note that the comment from the Chief Judge of the Second Circuit represents that the chief judges from every circuit urge this Court to allow

the circuit courts to retain discretion to determine whether or when to utilize appellate panels.

We do find merit in the Committee's argument that appeals to the circuit court should be handled in a more uniform manner across the state. Nonetheless, because we believe this important issue requires further study in order to better accommodate the smaller Florida circuits, we decline the Committee's recommendation to adopt proposed rule 9.030(c)(4) at this time. The Chief Justice shall appoint a special workgroup to study whether the circuit courts should be uniformly required to hear appeals in panels, and to propose appropriate amendments to the Rules of Judicial Administration or the Rules of Appellate Procedure if the workgroup determines that such amendments are necessary. The workgroup shall also consider whether other changes to the process for appellate review of county court decisions would improve the administration of justice and may propose any revisions in the law necessary to implement recommended changes. The workgroup should include members from each judicial conference, the Rules of Judicial Administration Committee, and the Appellate Court Rules Committee.

Next, in rule 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases), we amend subdivision (k) (Review of Partial Final Judgments), as proposed by the

Committee, to address the appropriate scope of review of a partial final judgment. Such review may include any ruling or matter that occurred before the notice of appeal was filed, so long as the ruling or matter is directly related to an aspect of the partial final judgment on review.

We amend rule 9.130 (Proceedings to Review Non-Final Orders and Specified Final Orders) to authorize two new categories of nonfinal orders that may be appealed to the district courts of appeal. New subdivision (a)(3)(C)(xii) permits appeals of nonfinal orders that determine, as a matter of law, that a settlement agreement is unenforceable, is set aside, or never existed. Additionally, new subdivision (a)(3)(E) permits appeals of nonfinal orders that grant or deny a motion to disqualify counsel.

In rule 9.140 (Appeal Proceedings in Criminal Cases), we amend several subdivisions, as proposed by the Committee, to make clear that attorneys or parties designating portions of the trial proceedings for transcription must serve those designations on the approved court reporter or transcriptionist. We also amend subdivision (f)(5) (Record; Return of Record) to provide for the return to the lower tribunal of any portions of the appellate record that were not electronically filed. And we amend subdivision (f)(6) (Record; Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)), as proposed by the Committee, to incorporate motions for rehearing

in the provisions addressing transmission of a supplemental record for postconviction proceedings pursuant to Rule of Criminal Procedure 3.800(b)(2). However, we decline to adopt the Committee's proposed amendments to subdivisions (c)(3) (Appeals by the State; Commencement) and (d)(1) (Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State). The Committee indicates it proposes amendments to these subdivisions to avoid conflict with amendments to Rule of Judicial Administration 2.505 (Attorneys) proposed in a separate case, *In re Amendments to the Florida Rules of Judicial Administration, Florida Rule of Criminal Procedure 3.010, and Florida Rule of Appellate Procedure 9.440*, 225 So. 3d 220 (Fla. 2017). In that case we declined to adopt amendments to various court rules that would have allowed for the designation of lead counsel, additional counsel, or limited representation counsel. Accordingly, we also decline to adopt the Committee's proposals here to amend subdivisions (c)(3) and (d)(1) of rule 9.140.

In rule 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services), we adopt new subdivision (c)(3) (Stay of Proceedings; Review), as proposed by the Committee, to address review of orders entered by the lower tribunal granting or denying a stay pending appellate review. We also amend subdivision (g)(3)(B) (Special Procedures and Time Limitations Applicable to

Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings; Briefs; Times for Service) to add language addressing the time for serving responsive briefs when one or more initial or answer briefs are filed in a case. We have revised the Committee's proposal in this subdivision to make clear that in any appeal or cross-appeal, if more than one initial or answer brief is authorized, the responsive brief shall be served within twenty days after the last initial brief or within ten days after the last answer brief was served; if the last authorized initial or answer brief is not served, the responsive brief shall be served within twenty days after the last authorized initial brief or within ten days after the last authorized answer brief could have been timely served.[2] Also in rule 9.146, we amend subdivision (g)(4)(B) (Special Procedures and Time Limitations

_____

2. Rule 9.146(g) (Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings) outlines special time frames that apply to appeals from final orders in dependency and termination of parental rights cases. Subdivision (g)(3)(B) directs that the initial brief be served within twenty days after service of the record on appeal or the index to the record on appeal, the answer brief within *twenty* days of service of the initial brief, and the reply brief within *ten* days after service of the answer brief. The Committee's first proposal to amend subdivision (g)(3)(B) incorporated similar time frames. The Committee later submitted a revised proposal in response to comments. While we generally approve the Committee's revisions, the revised proposal would have allowed twenty days, rather than ten, to serve a reply brief. In order to maintain consistency with other provisions in rule 9.146(g)(3)(B), we have revised the Committee's proposal such that parties are allowed twenty days to respond after the last initial brief, and ten days to respond after the last answer brief.

Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings; Motions; Motions to Withdraw as Counsel), as proposed by the Committee, to require attorneys, following an order granting a motion to withdraw as counsel for an indigent parent, to file a notice with the court certifying that counsel has forwarded a copy of the record and transcripts to the indigent parent or that counsel is not able to locate the parent after making a diligent effort to do so.

We next amend rule 9.210 (Briefs) to add a new subdivision (a)(6) (Generally) requiring that, when an attorney is representing more than one party in an appeal, the attorney may only file one initial or answer brief and one reply brief, if a reply brief is authorized, that includes arguments as to all of the parties the attorney represents in the appeal. A single party responding to multiple briefs, or a single party represented by multiple attorneys, is similarly limited to one initial or answer brief and one reply brief. We also amend subdivision (f) (Times for Service of Briefs), as proposed by the Committee in its response to comments, to provide that in any appeal or cross-appeal where more than one initial or answer brief is authorized, the responsive brief shall be served within twenty days after the last initial or answer brief was served; if the last authorized initial or answer brief is not served within the time allowed, the responsive brief shall be served within twenty days after the last initial or answer brief could have timely been served.

In rule 9.330 (Rehearing; Clarification; Certification), we have substantially reorganized subdivision (a) (Time for Filing; Contents; Response) in order to more clearly outline the requirements for motions for rehearing, clarification, certification, or a written opinion. The existing language in this subdivision is incorporated into three new subdivisions: subdivision (a)(1) (Time for Filing), subdivision (a)(2) (Contents), and subdivision (a)(3) (Response). New subdivision (a)(2) includes four subdivisions describing the requirements for each type of motion authorized in this rule. In subdivision (a)(2)(C) (Motion for Certification), we add new language requiring that a motion for certification set forth the cases that the filer asserts expressly and directly conflict with the court's order or decision or set forth the issue or question to be certified as one of great public importance. Additionally, in subdivision (a)(2)(D) (Motion for Written Opinion), we add language authorizing motions seeking a written opinion on the grounds that an opinion would provide either a legitimate basis for review by this Court; an explanation for an apparent deviation from precedent; or guidance to the parties or a lower tribunal when the same issue is also present in other cases pending before the court or another district court of appeal, when the issue is expected to recur in future cases, when there are conflicting decisions from lower tribunals, when the issue is one of first impression, or when the issue arises in a case where the court has exclusive subject matter jurisdiction.

Also, in rule 9.330, we amend subdivision (b) (Limitation), as proposed by the Committee, to require that parties file just one document incorporating any and all motions under this rule that may be appropriate in the case, rather than separate documents for each motion. We also add a new subdivision (e) (Application). This subdivision provides that the provisions of rule 9.330 apply only to appellate orders or decisions that adjudicate, resolve, or otherwise dispose of an appeal, original proceeding, or motion for appellate attorneys' fees; the rule does not limit a court's inherent authority to reconsider nonfinal appellate orders and decisions.

In rule 9.360 (Parties), we amend subdivision (a) (Joinder) and add a corresponding committee note to recharacterize the term "joinder" as "joinder for realignment as appellant or petitioner." Subdivision (a) is now titled "Joinder for Realignment as Appellant or Petitioner." We also adopt the other amendments to rule 9.360 as proposed.

We adopt a new rule 9.380 (Notice of Related Case or Issue), which provides that a party is permitted to file a notice of related case or related issue, informing the court of a pending, related case arising out of the same proceeding in the lower tribunal or involving a similar issue of law. The notice shall include only information identifying the related case and shall not contain argument. It must be in the format prescribed in proposed new form 9.900(k) (Notice of Related Case).

In rule 9.400 (Costs and Attorneys' Fees), we amend subdivision (b) (Attorneys' Fees) to address the time for filing a motion for attorneys' fees in discretionary review proceedings in this Court. New subdivision (b)(3) provides that in discretionary review proceedings under rule 9.030(a)(2)(A) in which jurisdictional briefs are permitted, a motion for attorneys' fees shall be served not later than the time for serving the respondent's brief on jurisdiction, or if jurisdiction is accepted, the time for serving the reply brief. New subdivision (b)(4) provides that in discretionary review proceedings in which jurisdiction is invoked under rule 9.030(a)(2)(A)(v), the motion for attorneys' fees shall be served not later than five days after the filing of the notice, or if jurisdiction is accepted, the time for serving the reply brief.

Finally, we amend rule 9.420 (Filing; Service of Copies; Computation of Time) in subdivision (c) (Method of Service) to authorize parties to serve the initial document in an appeal electronically in conformity with the requirements of Florida Rule of Judicial Administration 2.516(b).[3] Petitions invoking a court's original jurisdiction under rules 9.030(a)(3), (b)(3), or (c)(3) shall be served both by e-mail, pursuant to Rule of Judicial Administration 2.516(b)(1), and in paper format, pursuant to Rule of Judicial Administration 2.516(b)(2).

---

3. We have revised the Committee's proposal to refer specifically to requirements for electronic service in Rule of Judicial Administration 2.516(b).

## CONCLUSION

Accordingly, we amend the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2019, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
LEWIS, J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

PARIENTE, J., concurring in part and dissenting in part.

I concur with all the proposed amendments being adopted, but I dissent from the Court's decision to not adopt the Appellate Court Rules Committee's ("the Committee") unanimously proposed amendment to Florida Rule of Appellate Procedure Rule 9.030, which would "requir[e] that matters within the circuit court's jurisdiction under rule 9.030 be considered by a panel of three judges." Per curiam op. at 2.

Practitioners, judges, and this Court have known for almost two decades of the lack of uniformity across the State in how circuits handle their appellate

- 13 -

jurisdiction. We clearly have the authority to finally address this issue, which, in my view, should be dealt with now by adopting the Committee's proposed amendment to protect litigants' best interests rather than appointing a special workgroup to again study this issue. However, because the Court does not adopt the amendment to rule 9.030, I urge the workgroup to study only the logistics of concerns raised by the smaller circuits and not the merits or wisdom of uniformly employing three-judge appellate panels in the circuit courts across the State.

Without question, requiring three-judge appellate panels at the circuit court level is essential to protecting litigants' due process rights, including the right to meaningful appellate review. This is particularly clear when considering the limited scope of the second-tier review of those decisions by the district courts of appeal. As the Committee explains, this amendment "would not only make the appellate process consistent in the circuit and district courts" but would also "alleviate concerns that a review by a single circuit judge could be perceived as simply substituting one judge's opinion for another." Regular-Cycle Report of the App. Ct. Rules Comm. (Report) at 4; *see Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995).

The concern caused by allowing appellate review by one circuit judge is clear when viewed in light of the district courts' review of circuit court appellate decisions, which is "limited to whether the circuit court afforded procedural due

process and whether the circuit court applied the correct law." *Heggs*, 658 So. 2d at 530; *see Educ. Dev. Ctr., Inc. v. City of W. Palm Beach Zoning Bd. of Appeals*, 541 So. 2d 106, 108 (Fla. 1989); *City of Deerfield Beach v. Vaillant*, 419 So. 2d 624, 626 (Fla. 1982); *Martin Cty. v. City of Stuart*, 736 So. 2d 1264, 1266 (Fla. 4th DCA 1999). Citing the American Bar Association's Standards Relating to Court Organization (1990), the Committee explains that "[t]he value of three-judge panel review is a recognized tenet of appellate procedure," which facilitates "collective, consensus-based review of a lower-tribunal's ruling," in turn "promot[ing] better decision making, reduc[ing] mistakes, eliminat[ing] extremes and bias, and promot[ing] stability and fairness." App. Ct. Rules Comm.'s Resp. to Comments (Resp.) at 3.

The problems created by lack of uniformity across the circuits regarding their appellate jurisdiction has been clear for almost two decades.[4] Indeed, in 2000, this Court referred the issue "to the Rules of Judicial Administration Committee of The Florida Bar for study." *Fla. Power & Light Co. v. City of Dania*, 761 So. 2d 1089, 1094 (Fla. 2000). After studying the issue, that committee rejected the uniform adoption of three-judge panels not because it was

---

4. *See Coastal Dev. of N. Fla., Inc. v. City of Jacksonville Beach*, 788 So. 2d 204, 205 n.3 (Fla. 2001); *Fla. Power & Light Co. v. City of Dania*, 761 So. 2d 1089, 1094 (Fla. 2000) ("No statewide criterion exists at this time."); *see also Broward Cty. v. G.B.V. Intern., Ltd.*, 787 So. 2d 838, 849-53 (Fla. 2001) (Pariente, J., dissenting, joined by Anstead, J.).

jurisprudentially unsound but "due to fiscal concerns of smaller counties and circuits." Report at 4. Since then, the Committee has undertaken the task of studying this issue, and, consequently, its proposal in this case is based on "substantial research." Per curiam op. at 4; *accord* Report at 4.

As I expressed in 2001, requiring three-judge appellate panels at the circuit court level would eliminate the lack of uniformity between the circuits, help to ensure well-reasoned opinions, and facilitate "more limited second-tier review" by the district courts of appeal "as well as this Court's review of the" district courts' decisions. *Dusseau v. Metro. Dade Cty.*, 794 So. 2d 1270, 1277 (Fla. 2001) (Pariente, J., concurring, joined by Anstead and Lewis, JJ.). Similarly, Justice Lewis, writing for the majority in *Ivey v. Allstate Insurance Co.*, 774 So. 2d 679 (Fla. 2000), explained how a written opinion by a three-judge appellate panel of circuit court judges aids the district courts of appeal in their more limited second-tier review mandated by our current jurisprudence:

> Allstate specifically asserted to this Court that "as a practical matter, the appellate courts need to be able to review the circuit courts sitting in their appellate capacity because [the circuit courts] are not really equipped to decide appellate cases, to decide issues of law." In this case, a three-judge panel of the circuit court issued a well-reasoned, written opinion thoroughly supported by appropriate reference to Florida decisions. The circuit court performed exactly as one would expect from an appellate court.
> If a problem is occurring in our current appellate system because a large number of circuit court decisions are unreported, then perhaps that issue should be addressed and resolved. The solution is not, however, a second level of appellate review when a district court

simply disagrees with the decision of a circuit court sitting in its appellate capacity. *The concept of certiorari review should have a recognized uniformity of application.* Thus, we conclude that the district court below inappropriately exercised certiorari review.

*Id.* at 683 (alteration in original) (emphasis added).

While disparity is of concern in all cases, it is especially prevalent in zoning and other administrative decisions. As I explained in *Dusseau*:

I would further point out that the circuit court sat in a three-judge panel that produced a reasoned and detailed majority and dissent. This in turn facilitated the more limited second-tier review of the Third District as well as this Court's review of the Third District's decision. We previously have noted the disparity of the practices among circuits and referred this matter to the Rules of Judicial Administration Committee for study. *See Florida Power & Light*, 761 So. 2d at 1094. In light of the far-reaching impact of zoning decisions, we should not continue to sanction a statewide system that allows a single circuit judge to have the identical appellate reviewing authority as a three-judge panel and that also requires the district court of appeal to accord the identical deference to the circuit court's decision regardless of whether the decision was made by a one-judge or three-judge court.

*Id.* at 1278 (Pariente, J., concurring). Likewise, as the majority in *Dusseau* explained in remanding the case to the circuit court:

We reiterate that the "competent substantial evidence" standard cannot be used by a reviewing court as a mechanism for exerting covert control over the policy determinations and factual findings of the local agency. Rather, this standard requires the reviewing court to defer to the agency's superior technical expertise and special vantage point in such matters. The issue before the court is not whether the agency's decision is the "best" decision or the "right" decision or even a "wise" decision, for these are technical and policy-based determinations properly within the purview of the agency. The circuit

- 17 -

court has no training or experience—and is inherently unsuited—to sit as a roving "super agency" with plenary oversight in such matters.

*Id.* at 1275-76 (majority).

While the Court today recognizes that this is an "important issue" and finds "merit in the Committee's argument that appeals to the circuit court should be handled in a more uniform manner across the state," the Court nevertheless chooses to send this amendment back for study yet again. Per curiam op. at 5. Specifically, the Court instructs that a workgroup consider "whether the circuit courts should be uniformly required to hear appeals in panels" and "whether other changes to the process for appellate review of county court decisions would improve the administration of justice." Per curiam op. at 5. But the Committee has already considered this issue and unanimously recommended that the Court do so.

Indeed, as the Court acknowledges, the Committee has determined that requiring three-judge panels would "serve as an important safeguard to the rights of litigants" and would "promote[] better decision making, reduce[] mistakes, eliminate[] extremes and bias, and promote[] stability and fairness." Per curiam op. at 4. However, the Court again defers taking action by declining to adopt the Committee's unanimous recommendation "at this time." Per curiam op. at 5.

While I am not unsympathetic to the concerns of smaller Florida circuits, I am skeptical as to whether the disparity between the circuits is caused by lack of

capacity or is simply the byproduct of local tradition. For example, in the Sixteenth Circuit, any party can request a three-judge panel, which will be assigned "at the court's discretion." In the Seventh Circuit, if the litigant is from Flagler, Putnam, or St. Johns, the appeals are assigned to a single judge. But, in the same circuit, if the litigant is in Volusia County, appeals are assigned to a two-judge panel. There does not appear to be any particular reason—indeed, none was provided—for the differences presented among these two circuits.

The comments from the chief judges of the Sixteenth and Second Circuits opposing the Committee's proposal express geographical concerns as well as concerns that requiring three-judge panels would "result in an increased workload" and "would ultimately make the timely disposition of appeals more challenging." Per curiam op. at 4. As to the geographic concerns, in this day and age with video-conferencing and other technology, I do not believe the concern is insurmountable. Further, as in the district courts, not all cases have to be heard by oral argument. While it is simpler and perhaps more efficient for one circuit judge to hear an appeal from one county court judge, due process concerns must prevail. Due process and justice demand uniformity of appellate decisions.

Notwithstanding, because the majority does not adopt this amendment today, in the interim, until this matter is studied by the special committee convened by the Court, I would urge the circuits to consider the following: (a) requiring three-judge

panels when requested by a litigant; (b) requiring three-judge panels in petitions for certiorari from zoning decisions; (c) making the decision to grant or deny oral argument within the discretion of the appellate panel; and (d) requiring oral argument if requested by the parties when a single judge hears an appeal from the county court and requiring a written decision in those instances.

## CONCLUSION

It is time to adopt the Committee's unanimous proposal to require "that matters within the circuit court's jurisdiction under rule 9.030 be considered by" a three-judge panel to facilitate fair and uniform appellate proceedings across the State of Florida and ensure that litigants' constitutional right to due process is protected. Per curiam op. at 2. Employing three-judge panels at the circuit court level is critical because it would properly align the appellate process for cases that begin in the county court with the appellate process for cases that begin in the circuit court, allowing the district courts of appeal to be appropriately deferential to circuit court appellate decisions. *See Heggs*, 658 So. 2d at 531.

Accordingly, while I concur with the Court's adoption of the other proposed rules, I dissent as to this Court's decision to again defer the adoption of three-judge panels for circuit courts sitting in their appellate capacity.

LEWIS, J., concurring in part and dissenting in part.

I dissent because there is no need to amend the rule with regard to joinder on appeal. This amendment is likely to generate more confusion than clarity. I concur with the remainder of the amendments.

Original Proceeding – Florida Rules of Appellate Procedure

Courtney Rebecca Brewer, Chair, Appellate Court Rules Committee, Tallahassee, Florida, Kristin A. Norse, Past Chair, Appellate Court Rules Committee, Tampa, Florida, Honorable Robert Joshua Luck, Member, Appellate Court Rules Committee, Miami, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Honorable Mark H. Jones, Chief Judge, Sixteenth Judicial Circuit, Key West, Florida; Honorable Jonathan Eric Sjostrom, Chief Judge, Second Judicial Circuit, Tallahassee, Florida; and Ellie Bertwell of Aderant, Culver City, California,

    Responding with Comments

# APPENDIX

**RULE 9.010.** **EFFECTIVE DATE** ~~AND~~; **SCOPE**; APPLICABILITY OF FLORIDA RULES OF JUDICIAL ADMINISTRATION

These rules, cited as "Florida Rules of Appellate Procedure," and abbreviated "Fla. R. App. P.," shall take effect at 12:01 a.m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in the supreme court, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c); provided that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending in accordance with the Florida Appellate Rules, 1962 Amendment.

The Florida Rules of Judicial Administration are applicable in all proceedings governed by these rules, except as otherwise provided by these rules. These rules shall supersede all conflicting statutes and, as provided in Florida Rule of Judicial Administration 2.130, all conflicting rules of procedure.

## Committee Notes

[No Change]

**RULE 9.020.** **DEFINITIONS**

The following terms have the meanings shown as used in these rules:

**(a)** **Administrative Action.** Administrative action shall include:

(1) [No Change]

(2) ~~non-final~~nonfinal action by an agency or administrative law judge reviewable under the Administrative Procedure Act;

(3) quasi-judicial decisions by any administrative body, agency, board, or commission not subject to the Administrative Procedure Act; and

(4) [No Change]

**(b) – (g)** **[No Change]**

(h)    **Applicability of Florida Rules of Judicial Administration.** The Florida Rules of Judicial Administration are applicable in all proceedings governed by these rules, except as otherwise provided in these rules. These rules shall govern where in conflict with the Florida Rules of Judicial Administration.

(i)(h) **Rendition (of an Order).** An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, for arrest of judgment, to challenge the verdict, to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1), to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(*l*), or to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491, the following exceptions apply:

(1)    **Motions Tolling Rendition.** The following motions, if authorized and timely filed, toll rendition unless another applicable rule of procedure specifically provides to the contrary:

(A)    motion for new trial;

(B)    motion for rehearing;

(C)    motion for certification;

(D)    motion to alter or amend;

(E)    motion for judgment in accordance with prior motion for directed verdict;

(F)    motion for arrest of judgment;

(G)    motion to challenge the verdict;

(H)    motion to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1);

(I)     motion to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(*l*); or

(J)     motion to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491.

**(2)     Effect of Motions Tolling Rendition.** If an authorized and timely motion listed in subdivision (h)(1) of this rule has been filed in the lower tribunal directed to a final order, the following apply:

(1)(A)     ~~If such a motion or motions have been filed, t~~The final order shall not be deemed rendered as to any existing party until the filing with the clerk of a signed, written order disposing of the last of such motions.

(2)(B)     ~~If such a motion or motions have been filed, a~~A signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.

(3)(C)     If ~~such a motion or motions have been filed and~~ a notice of appeal is filed before the filing with the clerk of a signed, written order disposing of all such motions, the appeal shall be held in abeyance until the filing with the clerk of a signed, written order disposing of the last of such motion.

~~(j)~~(i)  **Rendition of an Appellate Order.** If any timely and authorized motion under rule 9.330 or 9.331 is filed, the order shall not be deemed rendered as to any party until all of the motions are either withdrawn or resolved by the filing of a written order.

**(j)     Conformed Copy.** A true and accurate copy.

**(k) – (*l*)**     [No Change]

## Committee Notes

[No Change]

## Court Commentary

[No Change]

**RULE 9.030.       JURISDICTION OF COURTS**

**(a)       Jurisdiction of <u>the</u> Supreme Court <u>of Florida</u>.**

**(1)       Appeal Jurisdiction.**

(A)     The supreme court shall review, by appeal<u>:</u>

(i)       final orders of courts imposing sentences of death;[1] <u>and</u>

(ii)      [No Change]

(B)     If provided by general law, the supreme court shall review<u>:</u>

(i)       by appeal final orders entered in proceedings for the validation of bonds or certificates of indebtedness;[3] <u>and</u>

(ii)      [No Change]

**(2)       Discretionary Jurisdiction.** The discretionary jurisdiction of the supreme court may be sought to review<u>:</u>

(A)     decisions of district courts of appeal that<u>:</u>[5]

(i) – (iv)      [No Change]

(v)      pass upon a question certified to be of great public importance; <u>or</u>

(vi)      are certified to be in direct conflict with decisions of other district courts of appeal;

(B)     orders and judgments of trial courts certified by the district court of appeal in which the appeal is pending to require immediate resolution by the supreme court, and<u>:</u>[6]

(i)       to be of great public importance,<u>; or</u>

(ii)      to have a great effect on the proper administration of justice; <u>or</u>

- 25 -

(C)     [No Change]

**(3)     [No Change]**

**(b)     Jurisdiction of District Courts of Appeal.**

**(1)     Appeal Jurisdiction.** District courts of appeal shall review, by appeal:

(A)     [No Change]

(B)     ~~non-final~~nonfinal orders of circuit courts as prescribed by rule 9.130;[9] and

(C)     [No Change]

**(2)     Certiorari Jurisdiction.**[8] The certiorari jurisdiction of district courts of appeal may be sought to review:

(A)     ~~non-final~~nonfinal orders of lower tribunals other than as prescribed by rule 9.130; or

(B)     [No Change]

**(3)     [No Change]**

**(4)     Discretionary Review.**[10] District courts of appeal, in their discretion, may review by appeal:

(A)     final orders of the county court, otherwise appealable to the circuit court under these rules, that the county court has certified to be of great public importance; or

(B)     ~~non-final~~nonfinal orders, otherwise appealable to the circuit court under rule 9.140(c), that the county court has certified to be of great public importance.

**(c)     Jurisdiction of Circuit Courts.**

**(1)     Appeal Jurisdiction.** The circuit courts shall review, by appeal:

(A)     [No Change]

(B)     ~~non-final~~<ins>nonfinal</ins> orders of lower tribunals as provided by general law;<ins> and</ins>

(C)     administrative action if provided by general law.

**(2)     Certiorari Jurisdiction.**[8] The certiorari jurisdiction of circuit courts may be sought to review ~~non-final~~<ins>nonfinal</ins> orders of lower tribunals other than as prescribed by rule 9.130.

**(3)     [No Change]**

[No Change to Footnotes]

**Committee Notes**

[No Change]

# RULE 9.040.     GENERAL PROVISIONS

**(a)     [No Change]**

**(b)     Forum.**

(1)     [No change]

(2)     After a lower tribunal renders an order transferring venue, the appropriate court to review otherwise reviewable ~~non-final~~<ins>nonfinal</ins> orders is as follows:

(A)     After rendition of an order transferring venue, the appropriate court to review the ~~non-final~~<ins>nonfinal</ins> venue order, all other reviewable ~~non-final~~<ins>nonfinal</ins> orders rendered prior to or simultaneously with the venue order, any order staying, vacating, or modifying the transfer of venue order, or an order dismissing a cause for failure to pay venue transfer fees, is the court that would review ~~non-final~~<ins>nonfinal</ins> orders in the cause, had venue not been transferred.

(B)     After rendition of an order transferring venue, the appropriate court to review any subsequently rendered reviewable ~~non-~~

- 27 -

~~final~~nonfinal order, except for those orders listed in subdivision (b)(2)(A), is the court ~~which~~that would review the order, if the cause had been filed in the lower tribunal to which venue was transferred.

(C)    The clerk of the lower tribunal whose order is being reviewed shall perform the procedures required by these provisions regarding transfer of venue, including accepting and filing a notice of appeal. If necessary to facilitate ~~non-final~~nonfinal review, after an order transferring venue has been rendered, the clerk of the lower tribunal shall copy and retain such portions of the record as are necessary for review of the ~~non-final~~nonfinal order. If the file of the cause has been transferred to the transferee tribunal before the notice of appeal is filed in the transferring tribunal, the clerk of the transferee tribunal shall copy and transmit to the transferring tribunal such portions of the record as are necessary for review of the ~~non-final~~nonfinal order.

**(c) – (f)    [No Change]**

**(g)    Clerks' Duties.** On filing of a notice prescribed by these rules, the clerk shall forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. If jurisdiction has been invoked under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi), or if a certificate has been issued by a district court of appeal under rule 9.030(a)(2)(B), the clerk of the district court of appeal shall transmit copies of the certificate and decision or order and any suggestion, replies, or appendices with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases shall be recorded.

**(h) – (i)    [No Change]**

### Committee Notes

[No Change]

## RULE 9.100.    ORIGINAL PROCEEDINGS

**(a)    Applicability.** This rule applies to those proceedings that invoke the jurisdiction of the courts described in rules 9.030(a)(3), (b)(2), (b)(3), (c)(2), and (c)(3) for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction; and for review of ~~non-final~~nonfinal administrative action.

**(b)** **Commencement; Parties.** The original jurisdiction of the court shall be invoked by filing a petition, accompanied by any filing fees prescribed by law, with the clerk of the court having jurisdiction. The parties to the proceeding shall be as follows:

(1) – (2)	[No Change]

(3)	The following officials shall not be named as respondents to a petition, but a copy of the petition shall be served on the official who issued the order that is the subject of the petition:

(A)	~~J~~judges of lower tribunals shall not be named as respondents to petitions for certiorari;

(B)	~~I~~individual members of agencies, boards, and commissions of local governments shall not be named as respondents to petitions for review of quasi-judicial action; and

(C)	~~O~~officers presiding over administrative proceedings, such as hearing officers and administrative law judges, shall not be named as respondents to petitions for review of ~~non-final~~nonfinal agency action.

**(c)** **Petitions for Certiorari; Review of ~~Non-Final~~Nonfinal Agency Action; Review of Prisoner Disciplinary Action.** The following shall be filed within 30 days of rendition of the order to be reviewed:

(1)	~~A~~a petition for certiorari~~.~~;

(2)	~~A~~a petition to review quasi-judicial action of agencies, boards, and commissions of local government, which action is not directly appealable under any other provision of general law but may be subject to review by certiorari~~.~~;

(3)	~~A~~a petition to review ~~non-final~~nonfinal agency action under the Administrative Procedure Act~~.~~; or

(4)	~~A~~a petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings.

**(d) – (f)**	**[No Change]**

- 29 -

**(g)** **Petition.** The caption shall contain the name of the court and the name and designation of all parties on each side. The petition shall not exceed 50 pages in length and shall contain:

(1) – (4)    [No Change]

If the petition seeks an order directed to a lower tribunal, the petition shall be accompanied by an appendix as prescribed by rule 9.220, and the petition shall contain references to the appropriate pages of the supporting appendix.

**(h) – (*l*)**    **[No Change]**

### Committee Notes

[No Change]

### Court Commentary

[No Change]

**RULE 9.110.**    **APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND ~~NON-JURY~~NONJURY CASES**

**(a)** **Applicability.** This rule applies to those proceedings that:

(1)    invoke the appeal jurisdiction of the courts described in rules 9.030(a)(1), (b)(1)(A), and (c)(1)(A);

(2)    seek review of administrative action described in rules 9.030(b)(1)(C) and (c)(1)(C); and

(3)    seek review of orders granting a new trial in jury and ~~non-jury~~nonjury civil and criminal cases described in rules 9.130(a)(4) and 9.140(c)(1)(C).

**(b) – (e)**    **[No Change]**

- 30 -

**(f)      Briefs.** The Aappellant's initial brief shall be served within 70 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(g)      [No Change]**

**(h)      Scope of Review.** Except as provided in subdivision (k), Tthe court may review any ruling or matter occurring before filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.

**(i)      Exception; Bond Validation Proceedings.** If the appeal is from an order in a proceeding to validate bonds or certificates of indebtedness, the record shall not be transmitted unless ordered by the supreme court. The Aappellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(j)      Exception; Appeal Proceedings from District Courts of Appeal.** If the appeal is from an order of a district court of appeal, the clerk shall electronically transmit the record to the court within 60 days of filing the notice. The Aappellant's initial brief shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(k)      Review of Partial Final Judgments.** Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition. The scope of review of a partial final judgment may include any ruling or matter occurring before filing of the notice of appeal so long as such ruling or matter is directly related to an aspect of the partial final judgment under review.

**(*l*)      Premature Appeals.** Except as provided in rule 9.020(ih), if a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, the lower tribunal retains jurisdiction to render a final order, and if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its

- 31 -

discretion may grant the parties additional time to obtain a final order from the lower tribunal.

**(m)** **[No Change]**

## Committee Notes

**1977 - 2014 Amendments.** [No Change]

**2018 Amendment.** Subdivision (k) was amended to clarify that subdivision (h) does not expand the scope of review of partial final judgments to include rulings that are not directly related to and an aspect of the final order under review. *E.g.*, *Cygler v. Presjack*, 667 So. 2d 458, 461 (Fla. 4th DCA 1996).

## Court Commentary

[No Change]

**RULE 9.120.** **DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL**

**(a) – (c)** **[No Change]**

**(d)** **Briefs on Jurisdiction.** The ~~P~~petitioner's brief, limited solely to the issue of the supreme court's jurisdiction and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. The ~~R~~respondent's brief on jurisdiction shall be served within 20 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. If jurisdiction is invoked under rule 9.030(a)(2)(A)(v) (certifications of questions of great public importance by the district courts of appeal to the supreme court), no briefs on jurisdiction shall be filed.

**(e)** **[No Change]**

**(f)** **Briefs on Merits.** Within 20 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner shall serve the initial brief on the merits~~, accompanied by an appendix that must include a conformed copy of the decision of the district court of appeal~~. Additional briefs shall be served as prescribed by rule 9.210.

**RULE 9.125.** **REVIEW OF TRIAL COURT ORDERS AND JUDGMENTS CERTIFIED BY THE DISTRICT COURTS OF APPEAL AS REQUIRING IMMEDIATE RESOLUTION BY** THE **SUPREME COURT** OF FLORIDA

**(a)** **Applicability.** This rule applies to any order or judgment of a trial court that has been certified by the district court of appeal to require immediate resolution by the supreme court because the issues pending in the district court of appeal are of great public importance or have a great effect on the proper administration of justice throughout the state. The district court of appeal may make such certification on its own motion or on suggestion by a party.

**(b)** **[No Change]**

**(c)** **Suggestion.** Any party may file with the district court of appeal and serve on the parties a suggestion that the order to be reviewed should be certified by the district court of appeal to the supreme court. The suggestion shall be substantially in the form prescribed by this rule and shall be filed within 10 days from the filing of the notice of appeal.

**(d)** **[No Change]**

**(e)** **Form.** The suggestion shall be limited to 5 pages and shall contain all of the following elements:

(1) A̶a statement of why the appeal requires immediate resolution by the supreme court.̶;

(2) A̶a statement of why the appeal:

(A) is of great public importance,̶; or

(B) will have a great effect on the proper administration of justice throughout the state.

(3) A̶a certificate signed by the attorney stating:

I express a belief, based on a reasoned and studied professional judgment, that this appeal requires immediate resolution by the supreme court and (a) is of great public importance, or (b) will have a great effect on the administration of justice throughout the state.; and

/s/ _____
Attorney for …..(name of party)…..
…..(address and phone number)…..
Florida Bar No. ....................
E-mail Address: ……………

(4) Aan appendix containing a conformed copy of the order to be reviewed.

**(f)** **Effect of Suggestion.** The district court of appeal shall not be required to rule on the suggestion and neither the filing of a suggestion nor the rendition by the district court of appeal of its certificate shall alter the applicable time limitations or place of filing. If an order is rendered granting or denying certification, no rehearing shall be permitted.

**(g)** **Procedure When the Supreme Court of Florida Accepts Jurisdiction.** The jurisdiction of the supreme court attaches on rendition of the order accepting jurisdiction. If the supreme court accepts jurisdiction, it shall so order and advise the parties, the clerk of the district court of appeal, and the clerk of the lower tribunal. The clerk of the court in possession of the record shall electronically transmit the record in the case to the supreme court within 10 days thereafter. The supreme court shall issue a briefing schedule and all papersdocuments formerly required to be filed in the district court shall be filed in the supreme court. If the supreme court denies jurisdiction, it shall so order and advise the parties and the clerk of the district court of appeal.

**Committee Notes**

[No Change]

**RULE 9.130.    PROCEEDINGS TO REVIEW NON-FINALNONFINAL ORDERS AND SPECIFIED FINAL ORDERS**

**(a)    Applicability.**

(1)     This rule applies to appeals to the district courts of appeal of the ~~non-final~~nonfinal orders authorized herein and to appeals to the circuit court of ~~non-final~~nonfinal orders when provided by general law. Review of other ~~non-final~~nonfinal orders in such courts and ~~non-final~~nonfinal administrative action shall be by the method prescribed by rule 9.100.

(2)     Appeals of ~~non-final~~nonfinal orders in criminal cases shall be as prescribed by rule 9.140.

(3)     Appeals to the district courts of appeal of ~~non-final~~nonfinal orders are limited to those that:

(A) – (B)     [No Change]

(C)     determine:

(i)     [No Change]

(ii)     the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve, or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment;

(iii) – (ix)     [No Change]

(x)     that, as a matter of law, a party is not entitled to immunity under section 768.28(9), Florida Statutes;~~or~~

(xi)     that, as a matter of law, a party is not entitled to sovereign immunity~~.~~; or

(xii)     that, as a matter of law, a settlement agreement is unenforceable, is set aside, or never existed.

(D)     grant or deny the appointment of a receiver, ~~and~~or terminate or refuse to terminate a receivership~~.~~; or

(E)     grant or deny a motion to disqualify counsel.

(4)     Orders disposing of motions that suspend rendition are not reviewable separately from a review of the final order; provided that orders

granting motions for new trial in jury and ~~non-jury~~nonjury cases are reviewable by the method prescribed in rule 9.110.

(5) [No Change]

**(b)** **[No Change]**

**(c)** **Notice.** The notice, designated as a notice of appeal of ~~non-final~~nonfinal order, shall be substantially in the form prescribed by rule 9.900(c). Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice.

**(d)** **[No Change]**

**(e)** **Briefs.** The ~~A~~appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(f)** **Stay of Proceedings.** In the absence of a stay, during the pendency of a review of a ~~non-final~~nonfinal order, the lower tribunal may proceed with all matters, including trial or final hearing, except that the lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court.

**(g)** **[No Change]**

**(h)** **Review on Full Appeal.** This rule shall not preclude initial review of a ~~non-final~~nonfinal order on appeal from the final order in the cause.

**(i)** **Scope of Review.** Multiple ~~non-final~~nonfinal orders that are listed in rule 9.130(a)(3) may be reviewed by a single notice if the notice is timely filed as to each such order.

**Committee Notes**

[No Change]

**RULE 9.140.** **APPEAL PROCEEDINGS IN CRIMINAL CASES**

**(a)** **[No Change]**

**(b)** **Appeals by Defendant.**

    **(1)** **Appeals Permitted.** A defendant may appeal:

        (A) – (C)    [No Change]

        (D)    orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders denying relief under Florida Rules of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, 3.851, or 3.853;

        (E) – (G)    [No Change]

    **(2)** **Guilty or Nolo Contendere Pleas.**

        **(A)** **Pleas.** A defendant may not appeal from a guilty or nolo contendere plea except as follows:

            **(i)** **[No Change]**

            **(ii)** **Appeals Otherwise Allowed.** A defendant who pleads guilty or nolo contendere may otherwise directly appeal only:

                a. – e.    [No Change]

        **(B)** **Record.**

            (i)    Except for appeals under subdivision (b)(2)(A)(i) of this rule, the record for appeals involving a plea of guilty or nolo contendere shall be limited to:

                a. – d.    [No Change]

                e.    any motion to withdraw plea and order thereon; and

                f.    [No Change]

            (ii)    [No Change]

    **(3) – (4)** **[No Change]**

**(c)** **Appeals by the State.**

**(1)** **Appeals Permitted.** The state may appeal an order:

(A) – (I)　　[No Change]

(J)　granting relief under Florida Rules of Criminal Procedure 3.801, 3.850, 3.851, or 3.853;

(K) – (P)　　[No Change]

**(2)** **~~Non-Final~~Nonfinal Orders.** The state as provided by general law may appeal to the circuit court ~~non-final~~nonfinal orders rendered in the county court.

**(3)** **[No Change]**

**(d)** **Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State.**

(1)　The attorney of record for a defendant ~~in a criminal proceeding~~ shall not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:

(A) – (C)　　[No Change]

(D)　designations to the approved court reporter or approved transcriptionist have been filed and served by counsel for appellant for transcripts of those portions of the proceedings necessary to support the issues on appeal or, if transcripts will require the expenditure of public funds for the defendant, of those portions of the proceedings necessary to support the statement of judicial acts to be reviewed; and

(E)　[No Change]

(2)　[No Change]

**(e)** **[No Change]**

**(f)      Record.**

       **(1)      [No Change]**

       **(2)      Transcripts.**

          (A) – (B)      [No Change]

          (C)      Except as permitted in subdivision (f)(2)(D) of this rule, the parties shall ~~designate~~serve the designation on the approved court reporter or approved transcriptionist to file with the clerk of the lower tribunal the transcripts for the court and sufficient paper copies for all parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration.

          (D)      ~~Non-indigent~~Nonindigent defendants represented by counsel may ~~designate~~serve the designation on the approved court reporter or approved transcriptionist to prepare the transcripts. Counsel adopting this procedure shall, within 5 days of receipt of the transcripts from the approved court reporter or approved transcriptionist, file the transcripts. Counsel shall serve notice of the use of this procedure on the attorney general (or the state attorney in appeals to circuit court) and the clerk of the lower tribunal. Counsel shall attach a certificate to each transcript certifying that it is accurate and complete. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the transcript(s) for use as needed by the state in any collateral proceedings and shall not dispose of the transcripts without the consent of the ~~Office of the A~~attorney ~~G~~general.

          (E)      In state appeals, the state shall ~~designate~~serve a designation on the approved court reporter or approved transcriptionist to prepare and file with the clerk of the lower tribunal the transcripts and sufficient copies for all parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration. Alternatively, the state may elect to use the procedure specified in subdivision (f)(2)(D) of this rule.

          (F)      The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the approved court reporter or approved transcriptionist to prepare the necessary transcripts.

       **(3)      [No Change]**

**(4)   Service of Copies.** The clerk of the lower tribunal shall serve copies of the record to the court, attorney general (or state attorney in appeals to circuit court), and all counsel appointed to represent indigent defendants on appeal. The clerk of the lower tribunal shall simultaneously serve copies of the index to all ~~non-indigent~~nonindigent defendants and, upon their request, copies of the record or portions thereof at the cost prescribed by law.

**(5)   Return of Record.** Except in death penalty cases, the court shall return ~~the record~~ to the lower tribunal, after final disposition of the appeal, any portions of the appellate record that were not electronically filed~~after final disposition of the appeal~~.

**(6)   Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).**

**(A)   Transmission.**

(i)   The clerk of circuit court shall automatically supplement the appellate record with any motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. If a motion for rehearing is filed, the supplement shall also include the motion for rehearing, any response, and any resulting order.

(ii)   The clerk shall electronically transmit the supplement to the appellate court within ~~5~~20 days ~~of~~after the filing of the order ~~ruling on~~disposing of the rule 3.800(b)(2) motion, unless a motion for rehearing is filed.  If an order is not filed within 60 days ~~from~~after the filing of the rule 3.800(b)(2) motion, and no motion for rehearing is filed, this ~~time~~20-day period shall run from the expiration of the 60-day period, and the clerk shall include a statement in the supplement ~~the record with the motion and a statement~~ that no order on the rule 3.800(b)(2) motion was timely filed.

(iii)   If a motion for rehearing is filed, the clerk shall electronically transmit the supplement to the court within 5 days after the filing of the order disposing of the motion for rehearing. If an order disposing of the motion for rehearing is not filed within 40 days after the date of the order for which rehearing is sought, this 5-day period shall run from the expiration of the 40-day period, and the clerk shall include a statement in the supplement that no order on the motion for rehearing was timely filed.

**(B)** **Transcripts.** If any appellate counsel determines that a transcript of a proceeding relating to such a motion is required to review the sentencing issue, appellate counsel shall, within 5 days from the ~~transmittal~~transmission of the supplement described in subdivision (f)(6)(A)(ii), designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. ~~A copy of the designation shall be filed with the~~Appellate counsel shall file the designation with the court and serve it on the approved court reporter or approved transcriptionist. The procedure for this supplementation shall be in accordance with this subdivision, except that counsel is not required to file a revised statement of judicial acts to be reviewed, the approved court reporter or approved transcriptionist shall deliver the transcript within 15 days, and the clerk shall supplement the record with the transcript within 5 days of its receipt.

**(g)** **Briefs.**

**(1)** **Briefs on the ~~m~~Merits.** Initial briefs, including those filed pursuant to subdivision (g)(2)(A), shall be served within 30 days of transmission of the record or designation of appointed counsel, whichever is later. Additional briefs shall be served as prescribed by rule 9.210.

**(2)** **[No Change]**

**(h)** **Post-Trial Release.**

**(1)** **Appeal by Defendant.** The lower tribunal may hear a motion for post-trial release pending appeal before or after a notice of appeal is filed; provided that the defendant may not be released from custody until the notice of appeal is filed.

**(2) – (4)** **[No Change]**

**(i)** **[No Change]**

### Committee Notes

[No Change]

### Court Commentary

[No Change]

**RULE 9.141.     REVIEW PROCEEDINGS IN COLLATERAL OR** POSTCONVICTION **CRIMINAL CASES**

(a)     [No Change]

(b)     **Appeals from Postconviction Proceedings Under Florida Rules of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, or 3.853.**

(1)     [No Change]

(2)     **Summary Grant or Denial of All Claims Raised in a Motion Without Evidentiary Hearing.**

(A)     **Record.** When a motion for postconviction relief under rules 3.800(a), 3.801, 3.802, 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall electronically transmit to the court, as the record, the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.

(B)     **Index.** ~~Unless directed otherwise by the court,~~ ~~t~~The clerk of the lower tribunal shall ~~not~~ index ~~or~~and paginate the record ~~or~~and send copies of the index ~~or~~and record to the parties.

(C) – (D)     [No Change]

(3)     **Grant or Denial of Motion after an Evidentiary Hearing was Held on ~~One~~1 or More Claims.**

(A)     [No Change]

(B)     **Record.**

(i)     When a motion for postconviction relief under rules 3.801, 3.802, 3.850, or 3.853 is granted or denied after an evidentiary hearing, the clerk of the lower tribunal shall index, paginate, and electronically transmit to the court as the record, within 50 days of the filing of the notice of appeal, the notice of appeal, motion, response, reply, order on the motion, motion

for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, as well as the transcript of the evidentiary hearing.

(ii)     Within 10 days of filing the notice of appeal, the Aappellant may direct the clerk to include in the record any other documents that were before the lower tribunal at the hearing.

(iii)   [No Change]

**(C)     [No Change]**

**(c)     Petitions Seeking Belated Appeal or Belated Discretionary Review.**

**(1) – (3)     [No Change]**

**(4)     Contents.** The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts:

(A) – (E)     [No Change]

(F)     the specific acts sworn to by the petitioner or petitioner's counsel that constitute the basis for entitlement to belated appeal or belated discretionary review, as outlined below:

(i)     Aa petition seeking belated appeal must state whether the petitioner requested counsel to proceed with the appeal and the date of any such request, or if the petitioner was misadvised as to the availability of appellate review or the status of filing a notice of appeal. A petition seeking belated discretionary review must state whether counsel advised the petitioner of the results of the appeal and the date of any such notification, or if counsel misadvised the petitioner as to the opportunity for seeking discretionary review; or

(ii)     Aa petition seeking belated appeal or belated discretionary review must identify the circumstances unrelated to counsel's action or inaction, including names of individuals involved and date(s) of the occurrence(s), that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal or notice to invoke, as applicable.

**(5)     [No Change]**

**(6)    Procedure.**

(A) – (C)    [No Change]

(D)    An order granting a petition for belated appeal shall be filed with the lower tribunal and treated as the notice of appeal, if no previous notice has been filed. An order granting a petition for belated discretionary review or belated appeal of a decision of a district court of appeal shall be filed with the district court of appeal and treated as a notice to invoke discretionary jurisdiction or notice of appeal, if no previous notice has been filed.

**(d)    Petitions Alleging Ineffective Assistance of Appellate Counsel.**

**(1) – (3)    [No Change]**

**(4)    Contents.** The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts:

(A) – (F)    [No Change]

**(5) – (6)    [No Change]**

### Committee Notes

[No Change]

**RULE 9.142.    PROCEDURE FOR REVIEW IN DEATH PENALTY CASES**

**(a)    Procedure in Death Penalty Appeals.**

**(1)    Record.**

(A)    [No Change]

(B)    The complete record in a death penalty appeal shall include all items required by rule 9.200 and by any order issued by the supreme court. In any appeal following the initial direct appeal, the record that is electronically transmitted shall begin with the most recent mandate issued by the supreme court, or the most recent filing not already electronically transmitted in a

prior record in the event the preceding appeal was disposed of without a mandate, and shall exclude any materials already transmitted to the supreme court as the record in any prior appeal. The clerk of the lower tribunal shall retain a copy of the complete record when it transmits the record to the Ssupreme Ccourt.

(C)     [No Change]

**(2)     Briefs; Transcripts.** After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 45 days from the date the defendant's brief is served, and the defendant 30 days from the date the state's brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rules of Criminal Procedure 3.851 or 3.853, and on resentencing matters, the schedules set forth in rule 9.140(g) will control.

**(3)     Sanctions.** If any brief is delinquent, an order to show cause may be issued under Florida Rule of Criminal Procedure 3.840, and sanctions may be imposed.

**(4) – (5)     [No Change]**

**(b)     Petitions for Extraordinary Relief.**

**(1)     [No Change]**

**(2)     Contents.** Any petition filed pursuant to this subdivision shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts:

(A) – (C)     [No Change]

(D)     if a previous petition was filed, the reason the claim in the present petition was not raised previously; and

(E)     [No Change]

**(3)     Petitions Seeking Belated Appeal.**

**(A)     Contents.** A petition for belated appeal shall include a detailed allegation of the specific acts sworn to by the petitioner or petitioner's counsel that constitute the basis for entitlement to belated appeal, including

whether the petitioner requested counsel to proceed with the appeal and the date of any such request, whether counsel misadvised the petitioner as to the availability of appellate review or the filing of the notice of appeal, or whether there were circumstances unrelated to counsel's action or inaction, including names of individuals involved and date(s) of the occurrence(s), that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal.

**(B)** **Time limits.** A petition for belated appeal shall not be filed more than 1 year after the expiration of time for filing the notice of appeal from a final order denying rule 3.851 relief, unless it alleges under oath with a specific factual basis that the petitioner:

(i) – (ii)

In no case shall a petition for belated appeal be filed more than 2 years after the expiration of time for filing the notice of appeal.

**(4)** **[No Change]**

**(c)** **Petitions Seeking Review of Nonfinal Orders in Death Penalty Postconviction Proceedings.**

**(1) – (3)** **[No Change]**

**(4)** **Contents.** The petition shall be in the form prescribed by rule 9.100, and shall contain:

(A) – (G) [No Change]

**(5) – (10)** **[No Change]**

**(11)** **Time Limitations.** Seeking review under this rule shall not extend the time limitations in rules 3.851 or 3.852.

**(d)** **Review of Dismissal of** ~~Post-Conviction~~Postconviction **Proceedings and Discharge of Counsel in Florida Rule of Criminal Procedure 3.851(i) Cases.**

**(1)** **[No Change]**

**(2) Procedure Following Rendition of Order of Dismissal and Discharge.**

**(A) Notice to Lower Tribunal.** Within 10 days of the rendition of an order granting a prisoner's motion to discharge counsel and dismiss the motion for ~~post-conviction~~postconviction relief, discharged counsel shall file with the clerk of the circuit court a notice of appeal seeking review in the supreme court.

**(B) – (C) [No Change]**

**(D) Proceedings in the Supreme Court of Florida.** Within 20 days of the filing of the record in the supreme court, discharged counsel shall serve an initial brief. Both the state and the prisoner may serve responsive briefs. All briefs must be served and filed as prescribed by rule 9.210.

**Committee Notes**

[No Change]

**Criminal Court Steering Committee Note**

[No Change]

**RULE 9.145. APPEAL PROCEEDINGS IN JUVENILE DELINQUENCY CASES**

**(a) [No Change]**

**(b) Appeals by Child.** To the extent adversely affected, a child or any parent, legal guardian, or custodian of a child may appeal:

(1) – (4) [No Change]

**(c) Appeals by the State.**

**(1) Appeals Permitted.** The state may appeal an order:

(A) – (I) [No Change]

**(2)** ~~Non-Final~~<u>Nonfinal</u> **State Appeals.** If the state appeals a pre-adjudicatory hearing order of the trial court, the notice of appeal must be filed within 15 days of rendition of the order to be reviewed and before commencement of the adjudicatory hearing.

(A) – (B)    [No Change]

**(d)    References to Child.**  The appeal shall be entitled and docketed with the initials, but not the name, of the child and the court case number.  All references to the child in briefs, other ~~papers~~<u>documents</u>, and the decision of the court shall be by initials.

**(e)    [No Change]**

### Committee Notes

[No Change]

RULE 9.146.    **APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES**

**(a) – (b)    [No Change]**

**(c)    Stay of Proceedings.**

**(1) – (2)    [No Change]**

**(3)    Review.** <u>Review of orders entered by lower tribunals under this rule shall be by the court on motion.</u>

**(d) – (f)**    [No Change]

**(g)    Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.**

**(1)    [No Change]**

- 48 -

**(2)    The Record.**

**(A) – (B)    [No Change]**

**(C)    Directions to the Clerk, Duties of the Clerk, Preparation and ~~Transmittal~~Transmission of the Record.**  The appellant shall file directions to the clerk with the notice of appeal.  The clerk shall electronically transmit the record to the court within 5 days of the date the court reporter files the transcript(s) or, if a designation to the court reporter has not been filed, within 5 days of the filing of the notice of appeal. When the record is electronically transmitted to the court, the clerk shall simultaneously electronically transmit the record to the Department of Children and Families, the guardian ad litem, counsel appointed to represent any indigent parties, and shall simultaneously serve copies of the index to all ~~non-indigent~~nonindigent parties, and, upon their request, copies of the record or portions thereof. The clerk shall provide the record in paper format to all parties exempt from <u>electronic</u> service ~~by e-mail~~ as set forth in the Florida Rules of Judicial Administration.

**(3)    Briefs.**

**(A)    [No Change]**

**(B)    Times for Service.** The initial brief shall be served within 20 days of service of the record on appeal or the index to the record on appeal. The answer brief shall be served within 20 days of service of the initial brief. The reply brief, if any, shall be served within 10 days of the service of the answer brief. <u>In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief shall be served within 20 days after the last initial brief or within 10 days after the last answer brief was served.  If the last authorized initial or answer brief is not served, the responsive brief shall be served within 20 days after the last authorized initial brief or within 10 days after the last authorized answer brief could have been timely served.</u>

**(4)    Motions.**

**(A)    [No Change]**

**(B)    Motions to Withdraw as Counsel.**  If appellate counsel seeks leave to withdraw from representation of an indigent parent, the motion to withdraw shall be served on the parent and shall contain a certification that, after a conscientious review of the record, the attorney has determined in good faith that

there are no meritorious grounds on which to base an appeal. The parent shall be permitted to file a brief pro se, or through subsequently retained counsel, within 20 days of the issuance of an order granting the motion to withdraw. Within 5 days of the issuance of an order granting the motion to withdraw, appellate counsel shall file a notice with the court certifying that counsel has forwarded a copy of the record and the transcript(s) of the proceedings to the parent or that counsel is unable to forward a copy of the record and the transcript(s) of the proceedings because counsel cannot locate the parent after making diligent efforts.

**(C)**   **[No Change]**

**(5) – (7)**   **[No Change]**

**(h) – (i)**   **[No Change]**

**Committee Notes**

[No Change]

**RULE 9.150.**   **DISCRETIONARY PROCEEDINGS TO REVIEW CERTIFIED QUESTIONS FROM FEDERAL COURTS**

**(a)**   **Applicability.** On either its own motion or that of a party, the Supreme Court of the United States or a United States court of appeals may certify ~~one~~1 or more questions of law to the Supreme Court of Florida if the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida.

**(b) – (e)**   **[No Change]**

**Committee Notes**

[No Change]

**RULE 9.160.**   **DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS**

**(a) – (b)**   **[No Change]**

**(c)     Notice.** The notice shall be in substantially the form prescribed by rule 9.900(a) or rule 9.900(c), depending on whether the order sought to be appealed is a final or a ~~non-final~~nonfinal order, except that such notice should refer to the fact of certification. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed.

**(d)     Method of Certification.** The certification may be made in the order subject to appeal or in any order disposing of a motion that has postponed rendition as defined in rule 9.020(h). The certification shall include:

(1)___findings of fact and conclusions of law; and

(2)___a concise statement of the issue or issues of great public importance.

**(e)     [No Change]**

**(f)     Scope of Review.**

(1)     [No Change]

(2)     If the district court of appeal declines to accept the appeal, it shall transfer the case together with the filing fee to the circuit court that has appellate jurisdiction.

**(g) – (j)     [No Change]**

## Committee Notes

[No Change]

**RULE 9.170.     APPEAL PROCEEDINGS IN PROBATE AND GUARDIANSHIP CASES**

**(a)     [No Change]**

**(b)     Appealable Orders.** Except for proceedings under rule 9.100 and rule 9.130(a), appeals of orders rendered in probate and guardianship cases shall be

limited to orders that finally determine a right or obligation of an interested person as defined in the Florida Probate Code. Orders that finally determine a right or obligation include, but are not limited to, orders that:

      (1) – (23)    [No Change]

      (24)   approve a settlement agreement on any of the matters listed above in (b)(1)–(b)(23) or authorizing a compromise pursuant to section 733.708, Florida Statutes.

      **(c)**    **Record; Alternative Appendix.** An appeal under this rule may proceed on a record prepared by the clerk of the lower tribunal or on appendices to the briefs, as elected by the parties within the time frames set forth in rule 9.200(a)(32) for designating the record. The clerk of the lower tribunal shall prepare a record on appeal in accordance with rule 9.200 unless the appellant directs that no record shall be prepared; a copy of such direction shall be served on the court when it is served on the clerk of the lower tribunal. However, any other party may direct the clerk to prepare a record in accordance with rule 9.200; a copy of such direction shall be served on the court when it is served on the clerk of the lower tribunal. If no record is prepared under this rule, the appeal shall proceed using appendices pursuant to rule 9.220.

      **(d) – (e)**    **[No Change]**

**RULE 9.180.**    **APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES**

      **(a)**    **[No Change]**

      **(b)**    **Jurisdiction.**

      **(1)**    **Appeal.** The First District Court of Appeal (the court) shall review by appeal any final order, as well as any nonfinal order of a lower tribunal that adjudicates:

      (A) – (C)    [No Change]

      **(2)**    **Waiver of Review; Abbreviated Final Orders.** Unless a request for findings of fact and conclusions of law is timely filed, review by appeal

of an abbreviated final order shall be deemed waived. The filing of a timely request tolls the time within which an abbreviated final order becomes final or an appeal may be filed.

**(3) – (4)** **[No Change]**

**(c) – (d)** **[No Change]**

**(e)** **Intervention by Division of Workers' Compensation.**

**(1)** **District Court of Appeal.** Within 30 days of the date of filing a notice or petition invoking the jurisdiction of the court the Division of Workers' Compensation may intervene by filing a notice of intervention as a party appellant/petitioner or appellee/respondent with the court and take positions on any relevant matters.

**(2)** **Supreme Court of Florida.** If review of an order of the court is sought in the supreme court, the division may intervene in accordance with these rules. The clerk of the supreme court shall provide a copy of the pertinent documents to the division.

**(3)** **[No Change]**

**(f)** **Record Contents:; Final Orders.**

**(1)** **Transcript,; Order,; and Other Documents.** The record shall contain the claim(s) or petition(s) for benefits, notice(s) of denial, pretrial stipulation, pretrial order, trial memoranda, depositions or exhibits admitted into evidence, any motion for rehearing and response, order on motion for rehearing, transcripts of any hearings before the lower tribunal, and the order appealed. The parties may designate other items for inclusion in or omission from the record in accordance with rule 9.200.

**(2)** **[No Change]**

**(3)** **Certification; and TransmittalTransmission.** The lower tribunal shall certify and transmit the record to the court as prescribed by these rules.

**(4)** **[No Change]**

**(5) Costs.**

**(A) – (C)    [No Change]**

**(D)    State Agencies~~:~~; Waiver of Costs.** Any self-insured state agency or branch of state government, including the Division of Workers' Compensation and the Special Disability Trust Fund, need not deposit the estimated costs.

**(E)    Costs.** If additional costs are incurred in correcting, amending, or supplementing the record, the lower tribunal shall assess such costs against the appropriate party. If the Division of Workers' Compensation is obligated to pay the costs of the appeal due to the appellant's indigency, it must be given notice of any proceeding to assess additional costs. Within 15 days after the entry of the order assessing costs, the assessed party must deposit the sums so ordered with the lower tribunal. The lower tribunal shall promptly notify the court if costs are not deposited as required.

**(6)    Transcript(s) of Proceedings.**

**(A)    Selection of Approved Court Reporter by Lower Tribunal.** The deputy chief judge of compensation claims shall select ~~the~~an approved court reporter or ~~transcriber~~an approved transcriptionist to transcribe any hearing(s). The deputy chief judge who makes the selection shall give the parties notice of the selection.

**(B)    Objection to Court Reporter or ~~Transcriber~~Transcriptionist Selected.** Any party may object to the court reporter or ~~transcriber~~transcriptionist selected by filing written objections with the judge who made the selection within 15 days after service of notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.

**(C)    Certification of Transcript by Court Reporter or ~~Transcriber~~Transcriptionist.** The court reporter or ~~transcriber designated~~transcriptionist selected by the deputy chief judge of compensation claims shall certify and deliver an electronic version of the transcript(s) to the clerk of the office of the judges of compensation claims. The transcript(s) shall be delivered in sufficient time for the clerk of the office of the judges of compensation claims to incorporate transcript(s) in the record. The court reporter or

~~transcriber~~transcriptionist shall promptly notify all parties in writing when the transcript(s) is delivered to the clerk of the office of the judges of compensation claims.

**(7)** **Preparation~~,~~; Certification~~,~~; ~~and~~ Transmission of the Record.** The deputy chief judge of compensation claims shall designate the person to prepare the record. The clerk of the office of the judges of compensation claims shall supervise the preparation of the record. The record shall be transmitted to the lower tribunal in sufficient time for the lower tribunal to review the record and transmit it to the court. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court. The lower tribunal shall provide an electronic image copy of the record to all counsel of record and all unrepresented parties.

**(8) – (9)** **[No Change]**

**(g)** **Relief From Filing Fee and Costs~~:~~; Indigency.**

**(1)** **[No Change]**

**(2)** **Filing Fee.**

**(A) – (B)** **[No Change]**

**(C)** **Verified Petition~~:~~; Contents.** The verified petition or motion shall contain a statement by the appellant to be relieved of paying filing fees due to indigency and the appellant's inability to pay the charges. The petition shall request that the lower tribunal enter an order or certificate of indigency. One of the following shall also be filed in support of the verified petition or motion:

(i) [No Change]

(ii) If the appellant is represented by counsel, counsel shall certify that counsel has investigated (a) the appellant's financial condition and finds the appellant indigent; and (b) the nature of appellant's position and believes it to be meritorious as a matter of law. Counsel shall also certify that counsel has not been paid or promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the lower tribunal to be paid by the employer/carrier if such entitlement is determined by the court.

**(D)    Service.** The ~A~appellant shall serve a copy of the verified petition or motion of indigency, including the appellant's financial affidavit or counsel's certificate, whichever is applicable, on all interested parties and the clerk of the court.

**(E)    Order or Certificate of Indigency.** The lower tribunal shall review the verified petition or motion for indigency and supporting documents without a hearing, and if the lower tribunal finds compliance with section 57.081(1), Florida Statutes, may issue a certificate of indigency or enter an order granting said relief, at which time the appellant may proceed without further application to the court and without payment of any filing fees. If the lower tribunal enters an order denying relief, the appellant shall deposit the filing fee with the lower tribunal within 15 days from the date of the order unless timely review is sought by motion filed with the court.

**(3)    Costs of Preparation of Record.**

**(A)    Authority.** An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the lower tribunal a verified petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (g)(3)(D).

**(B)    [No Change]**

**(C)    Verified Petition~:~; Contents.** The verified petition shall contain a request by the appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant's attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the court reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.

**(D)    Sworn Financial Affidavit~:~; Contents.** With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities.

**(E)    Verified Petition and Sworn Financial Affidavit~:~; Service.** The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, including the

Division of Workers' Compensation, the office of general counsel of the Department of Financial Services, and the clerk of the court.

**(F) – (I)      [No Change]**

**(h)      Briefs and Motions Directed to Briefs.**

**(1)      Briefs~~:~~; Final Order Appeals.** Within 30 days after the lower tribunal certifies the record to the court, the appellant shall serve the initial brief. Additional briefs shall be served as prescribed by rule 9.210.

**(2)      Briefs~~:~~; ~~Non-Final~~Nonfinal Appeals.** The ~~A~~appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(3)      [No Change]**

**(i)      Attorneys' Fees and Appellate Costs.**

**(1) – (2)      [No Change]**

**(3)      Entitlement and Amount of Fees and Costs.** If the court determines that an appellate fee is due, the lower tribunal shall have jurisdiction to conduct hearings and consider evidence regarding the amount of the attorneys' fee and costs due at any time after the mandate is issued.

**(4)      [No Change]**

### Committee Notes

[No Change]

**RULE 9.190.      JUDICIAL REVIEW OF ADMINISTRATIVE ACTION**

**(a)      [No Change]**

**(b)      Commencement.**

(1)      [No Change]

(2)    Review of ~~non-final~~nonfinal agency action under the Administrative Procedure Act, including ~~non-final~~nonfinal action by an administrative law judge, and agency orders entered pursuant to section 120.60(6), Florida Statutes, shall be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).

(3)    [No Change]

**(c)    The Record.**

**(1)    [No Change]**

**(2)    Review of Final Action Pursuant to the Administrative Procedure Act.**

**(A)    Proceedings Involving Disputed Issues of Material Fact.** In an appeal from any proceeding conducted pursuant to ~~section 120.56 (rule challenges) or~~ sections 120.569 ~~(decisions which affect substantial interests)~~ and 120.57(1), Florida Statutes ~~(decisions which affect substantial interests involving disputed material facts)~~, the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or prior to its disposition, after notice of submission to all parties, except communications by advisory staff as permitted under section 120.66(1), Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.

**(B)    Proceedings Not Involving Disputed Issues of Material Fact.** In an appeal from any proceeding pursuant to sections 120.569 ~~(decisions which affect substantial interests)~~ and 120.57(2), Florida Statutes ~~(decisions which affect substantial interests involving no disputed issue of material fact)~~, the record shall consist of the notice and summary of grounds; evidence received; all written statements submitted; any decisions overruling objections; all matters placed on the record after an ex parte communication; the official transcript; and any decision, opinion, order, or report by the presiding officer.

**(C)    Declaratory Statements.** In an appeal from any proceeding pursuant to section 120.565, Florida Statutes ~~(declaratory statements)~~, the record shall consist of the petition seeking a declaratory statement and any

pleadings filed with the agency; all notices relating to the petition published in the Florida Administrative ~~Weekly~~Register; the declaratory statement issued by the agency or the agency's denial of the petition; and all matters listed in subdivision (c)(2)(A) or (c)(2)(B) of this rule, whichever is appropriate, if a hearing is held on the declaratory statement petition.

**(D)** **Summary Hearings.** In an appeal from any proceeding pursuant to section 120.574, Florida Statutes ~~(summary proceeding)~~, the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence received; a statement of matters officially recognized; proffers of proof and objections and rulings thereon; matters placed on the record after an ex parte communication; the written decision of the administrative law judge presiding at the final hearing; and the official transcript of the final hearing.

**(E)** **Challenges to Rules.**

(i)      In an appeal from any proceeding conducted pursuant to section 120.56, Florida Statutes, the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or prior to its disposition, after notice of submission to all parties, except communications by advisory staff as permitted under section 120.66(1), Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.

(ii)      In an appeal from a rule adoption pursuant to sections 120.54 ~~(rule adoption) and~~or 120.68(9), Florida Statutes, in which the sole issue presented by the petition is the constitutionality of a rule and there are no disputed issues of fact, the record shall consist only of those documents from the rulemaking record compiled by the agency that materially address the constitutional issue. The agency's rulemaking record consists of all notices given for the proposed rule; any statement of estimated regulatory costs for the rule; a written summary of hearings on the proposed rule; the written comments and responses to written comments as required by sections 120.54 ~~(rule adoption)~~ and 120.541, Florida Statutes ~~(statement of estimated regulatory costs)~~; all notices and findings made pursuant to section 120.54(4), Florida Statutes ~~(adoption of emergency rules)~~; all materials filed by the agency with the Administrative Procedures Committee pursuant to section 120.54(3), Florida Statutes ~~(rule~~

adoption procedure); all materials filed with the Department of State pursuant to section 120.54(3), Florida Statutes (rule adoption procedure); and all written inquiries from standing committees of the legislature concerning the rule.

(F) **Immediate Final Orders.** In an appeal from an immediate final order entered pursuant to section 120.569(2)(n), Florida Statutes, the record shall be compiled in an appendix pursuant to rule 9.220 and served with the briefs.

(3) **Review of Non-FinalNonfinal Action Pursuant to the Administrative Procedure Act.** The provisions of rules 9.100 and 9.220 govern the record in proceedings seeking review of non-finalnonfinal administrative action.

(4) **Review of Administrative Action Not Subject to the Administrative Procedure Act.** In proceedings seeking review of administrative action not governed by the Administrative Procedure Act, the clerk of the lower tribunal shall not be required to prepare a record or record index. The petitioner or the appellant shall submit an appendix in accordance with rule 9.220. Supplemental appendices may be submitted by any party. Appendices may not contain any matter not made part of the record in the lower tribunal.

(5) – (6) **[No Change]**

(d) **[No Change]**

(e) **Stays Pending Review.**

(1) **[No Change]**

(2) **Application for Stay Under the Administrative Procedure Act.**

(A) – (B) [No Change]

(C) When an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the court a motion for stay on an expedited basis.. The agency may file a response within 10 days of the filing of the motion, or within a shorter time period set by the court. Unless the agency files a timely response demonstrating that a stay would constitute a

probable danger to the health, safety, or welfare of the state, the court shall grant the motion and issue a stay.

(D)     When an order suspending or revoking a license has been stayed pursuant to subdivision (e)(2)(C), an agency may apply to the court for dissolution or modification of the stay on grounds that subsequently acquired information demonstrates that failure to dissolve or modify the stay would constitute a probable danger to the public health, safety, or welfare of the state.

(3) – (4)     [No Change]

**Committee Notes**

[No Change]

**RULE 9.200.     THE RECORD**

**(a)     [No Change]**

**(b)     Transcript(s) of Proceedings.**

**(1)     Designation to Court Reporter.** Within 10 days of filing the notice of appeal, the appellant shall designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record and shall serve the designation on the approved court reporter, civil court reporter, or approved transcriptionist. Within 20 days of filing the notice of appeal, an appellee may designate additional portions of the proceedings and shall serve the designation on the approved court reporter, civil court reporter, or approved transcriptionist. Copies of designations shall be served on the approved court reporter, civil court reporter, or approved transcriptionist. Costs of the transcript(s) so designated shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of 1/2 of the estimated transcript costs, and must pay the full balance of the fee on delivery of the completed transcript(s).

**(2)     Court Reporter's Acknowledgment.** On service of a designation, the approved court reporter, civil court reporter, or approved transcriptionist shall acknowledge at the foot of the designation the fact that it has

been received and the date on which the approved court reporter, civil court reporter, or approved transcriptionist expects to have the transcript(s) completed and shall serve the so-endorsed designation on the parties and file it with the clerk of the court within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the approved court reporter, civil court reporter, or approved transcriptionist shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s).

**(2~~~3~~~)** **Time for Service of Transcript.** Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(~~3~~2) of this rule, the approved court reporter, civil court reporter, or approved transcriptionist shall transcribe and file with the clerk of the lower tribunal the designated proceedings and shall serve copies as requested in the designation. If a designating party directs the approved court reporter, civil court reporter, or approved transcriptionist to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s) on the parties within ~~5~~10 days of receipt from the approved court reporter, civil court reporter, or approved transcriptionist. ~~The transcript of the trial shall be filed with the clerk separately from the transcripts(s) of any other designated proceedings. The transcript of the trial shall be followed by a master trial index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found. The pages, including the index pages, shall be consecutively numbered, beginning with page 1. The pages shall not be condensed.~~

~~(3)     On service of a designation, the approved court reporter, civil court reporter, or approved transcriptionist shall acknowledge at the foot of the designation the fact that it has been received and the date on which the approved court reporter, civil court reporter, or approved transcriptionist expects to have the transcript(s) completed and shall serve the so-endorsed designation on the parties and file it with the clerk of the court within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the approved court reporter, civil court reporter, or approved transcriptionist shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time, the court shall allow the parties 5 days in which to~~

- 62 -

~~object or agree. The court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s).~~

**(4)    Organization of Transcript.** The transcript of the trial shall be filed with the clerk separately from the transcript(s) of any other designated proceedings. The transcript of the trial shall be followed by a master trial index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found. The pages, including the index pages, shall be consecutively numbered, beginning with page 1. The pages shall not be condensed.

**(4<u>5</u>)    Statement of Evidence or Proceedings.** If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement shall be served on all other parties who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the proposed statement and any objections or proposed amendments shall be filed with the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record

**(c)    Cross-Appeals.** Within 20 days of filing the notice <u>of appeal</u>, a cross-appellant may direct that additional documents, exhibits, or transcript(s) be included in the record. If less than the entire record is designated, the cross-appellant shall serve, with the directions, a statement of the judicial acts to be reviewed. The cross-appellee shall have 10 days after such service to direct further additions. The time for preparation and transmittal of the record shall be extended by 10 days.

**(d)    [No Change]**

**(e)    Duties of Appellant or Petitioner.** The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or <u>the</u> appellant. Any party may enforce the provisions of this rule by motion.

**(f)    [No Change]**

**Committee Notes**

[No Change]

**RULE 9.210.      BRIEFS**

**(a)      Generally.** In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any ~~one~~1 proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:

(1)      When not filed in electronic format, briefs shall be printed, typewritten, or duplicated on opaque, white, unglossed paper. The dimensions of each page of a brief, regardless of format, shall be 8 1/2 by 11 inches. When filed in electronic format, parties shall file only the electronic version.

(2) – (3)      [No Change]

(4)      The cover sheet of each brief shall state the name of the court, the style of the cause, including the case number if assigned, the lower tribunal, the party on whose behalf the brief is filed, the type of brief, and the name, ~~and~~ address, and e-mail address of the attorney filing the brief.

(5)      [No Change]

(6)      Unless otherwise ordered by the court, an attorney representing more than 1 party in an appeal may file only 1 initial or answer brief and 1 reply brief, if authorized, which will include argument as to all of the parties represented by the attorney in that appeal. A single party responding to more than 1 brief, or represented by more than 1 attorney, is similarly bound.

**(b)      Contents of Initial Brief.** The initial brief shall contain the following, in order:

(1)      ~~A~~a table of contents listing the sections of the brief, including headings and subheadings that identify the issues presented for review, with references to the pages on which each appears~~.~~;

(2)      ~~A~~a table of citations with cases listed alphabetically, statutes and other authorities, and the pages of the brief on which each citation appears~~. See rule 9.800 for a uniform citation system.~~;

(3)    ~~A~~a statement of the case and of the facts, which shall include the nature of the case, the course of the proceedings, and the disposition in the lower tribunal~~.~~, with ~~R~~references to the appropriate pages of the record or transcript ~~shall be made.~~;

(4)    ~~A~~a summary of argument, suitably paragraphed, condensing succinctly, accurately, and clearly the argument actually made in the body of the brief~~. It~~, which should not be a mere repetition of the headings under which the argument is arranged~~. It~~, and should seldom exceed 2 and never 5 pages~~.~~;

(5)    ~~A~~argument with regard to each issue, with citation to appropriate authorities, and including the applicable appellate standard of review~~.~~;

(6)    ~~A~~a conclusion, of not more than 1 page, setting forth the precise relief sought~~.~~;

(7)    ~~A~~a certificate of service~~.~~; and

(8)    ~~A~~a certificate of compliance for computer-generated briefs.

**(c) – (e)    [No Change]**

**(f)    Times for Service of Briefs.** The times for serving jurisdictional and initial briefs are prescribed by rules 9.110, 9.120, 9.130, and 9.140. Unless otherwise required, the answer brief shall be served within 20 days after service of the initial brief; the reply brief, if any, shall be served within 20 days after service of the answer brief; and the cross-reply brief, if any, shall be served within 20 days thereafter. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief shall be served within 20 days after the last initial or answer brief was served.  If the last authorized initial or answer brief is not served, the responsive brief shall be served within 20 days after the last authorized initial or answer brief could have been timely served.

**(g)    [No Change]**

### Committee Notes

[No Change]

### Court Commentary

[No Change]

**RULE 9.225.        NOTICE OF SUPPLEMENTAL AUTHORITY**

A party may file ~~N~~notices of supplemental authority ~~may be filed~~ with the court before a decision has been rendered to call attention to decisions, rules, statutes, or other authorities that are significant to the issues raised and that have been discovered after service of the party's~~the~~ last brief ~~served~~ in the cause. The notice shall not contain argument, but may identify briefly the issues argued on appeal to which the supplemental authorities are pertinent if the notice is substantially in the form prescribed by rule 9.900(j). Copies of the supplemental authorities shall be attached to the notice.

**Committee Notes**

[No Change]


**RULE 9.310.        STAY PENDING REVIEW**

**(a)        Application.** Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or ~~non-final~~nonfinal order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.

**(b) – (f)        [No Change]**

**Committee Notes**

[No Change]


**RULE 9.330.        REHEARING; CLARIFICATION; CERTIFICATION; WRITTEN OPINION**

**(a)        Time for Filing; Contents; Response.**

**(1)    Time for Filing.** A motion for rehearing, clarification, certification, or issuance of a written opinion may be filed within 15 days of an order <u>or decision of the court</u> or within such other time set by the court.

**(2)    Contents.**

**(A)    Motion for Rehearing.** A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its <u>order or</u> decision~~, and~~<u>. The motion</u> shall not present issues not previously raised in the proceeding.

**(B)    Motion for Clarification.** A motion for clarification shall state with particularity the points of law or fact in the court's <u>order or</u> decision that, in the opinion of the movant, are in need of clarification.

**(C)    Motion for Certification.** <u>A motion for certification shall set forth the case(s) that expressly and directly conflicts with the order or decision or set forth the issue or question to be certified as one of great public importance.</u>

**(D)    Motion for Written Opinion.** <u>A motion for written opinion shall set forth the reasons that the party believes that a written opinion would provide:</u>

<u>(i)      a legitimate basis for supreme court review;</u>

<u>(ii)     an explanation for an apparent deviation from prior precedent; or</u>

<u>(iii)    guidance to the parties or lower tribunal when:</u>

<u>a.      the issue decided is also present in other cases pending before the court or another district court of appeal;</u>

<u>b.      the issue decided is expected to recur in future cases;</u>

<u>c.      there are conflicting decisions on the issue from lower tribunals;</u>

d. the issue decided is one of first impression; or

e. the issue arises in a case in which the court has exclusive subject matter jurisdiction.

**(3) Response.** A response may be served within 10 days of service of the motion. ~~When a decision is entered without opinion, and a party believes that a written opinion would provide a legitimate basis for supreme court review, the party may request that the court issue a written opinion. If such a request is made by an attorney, it shall include the following statement:~~

~~I express a belief, based upon a reasoned and studied professional judgment, that a written opinion will provide a legitimate basis for supreme court review because (state with specificity the reasons why the supreme court would be likely to grant review if an opinion were written).~~

~~s/~~_____
~~Attorney for~~_____
~~(Name of Party)~~

_____
_____
_____
~~(address, e-mail address, and phone number)~~

_____
~~(Florida Bar number)~~

**(b) Limitation.** A party shall not file more than 1 motion for rehearing, ~~or for~~ clarification, ~~of decision and 1 motion for~~ certification, or written opinion with respect to a particular order or decision of the court. All motions filed under this rule with respect to a particular order or decision must be combined in a single document.

**(c) Exception; Bond Validation Proceedings.** A motion for rehearing or for clarification of an order or decision in proceedings for the validation of bonds or certificates of indebtedness as provided by rule 9.030(a)(1)(B)(ii) may be filed within 10 days of an order or decision or within such other time set by the court. A reply may be served within 5 days of service of the motion. The mandate shall issue forthwith if a timely motion has not been filed. A timely motion shall receive

immediate consideration by the court and, if denied, the mandate shall issue forthwith.

**(d)    Exception; Review of District Court of Appeal Decisions.** No motion for rehearing or clarification may be filed in the supreme court addressing:

(1)    the dismissal of an appeal that attempts to invoke the court's mandatory jurisdiction under rule 9.030(a)(1)(A)(ii) when the appeal seeks to review a decision of a district court of appeal without opinion,; or

(2)    the grant or denial of a request for the court to exercise its discretion to review a decision described in rule 9.030(a)(2)(A),; or

(3)    the dismissal of a petition for an extraordinary writ described in rule 9.030(a)(3) when such writ is used to seek review of a district court of appeal decision without opinion.

**(e)    Application.** This rule applies only to appellate orders or decisions that adjudicate, resolve, or otherwise dispose of an appeal, original proceeding, or motion for appellate attorneys' fees. The rule is not meant to limit the court's inherent authority to reconsider nonfinal appellate orders and decisions.

### Committee Notes

**1977 – 2008 Amendments      [No Change]**

**2018 Amendment.** This rule has been amended to broaden the grounds upon which a party may permissibly seek a written opinion following the issuance of a per curiam affirmance. Subdivision (a)(2)(D)(iii)e. is intended to address situations in which a specific district court of appeal has exclusive subject matter jurisdiction over a type of case by operation of law, such as the First District Court of Appeal regarding workers' compensation matters.

**RULE 9.331.      DETERMINATION OF CAUSES IN A DISTRICT COURT OF APPEAL EN BANC**

**(a)    En Banc Proceedings:; Generally.** A majority of the participating judges of a district court of appeal participating may order that a proceeding pending before the court be determined en banc. If a majority of the participating

judges order that a proceeding will be determined en banc, the district court of appeal shall promptly notify the parties that the proceeding will be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearing shall not be ordered unless the case or issue is of exceptional importance or unless necessary to maintain uniformity in the court's decisions. The en banc decision shall be by a majority of the active judges actually participating and voting on the case. In the event of a tie vote, the panel decision of the district court of appeal shall stand as the decision of the court. If there is no panel decision, a tie vote will affirm the trial court decision.

**(b)** **En Banc Proceedings by Divisions.** If a district court of appeal chooses to sit in subject-matter divisions as approved by the Ssupreme Ccourt, en banc determinations shall be limited to those regular active judges within the division to which the case is assigned, unless the chief judge determines that the case involves matters of general application and that en banc determination should be made by all regular active judges. However, in the absence of such determination by the chief judge, the full court may determine by an affirmative vote of three-fifths of the active judges that the case involves matters that should be heard and decided by the full court, in which event en banc determination on the merits of the case shall be made by an affirmative vote of a majority of the regular active judges participating.

**(c)** **[No Change]**

**(d)** **Rehearings En Banc.**

**(1)** **[No Change]**

**(2)** **Required Statement for Rehearing En Banc.** A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless one1 of the grounds set forth in (d)(1) is clearly met. If filed by an attorney, the motion shall contain either or both of the following statements:

> I express a belief, based on a reasoned and studied professional judgment, that the case or issue is of exceptional importance.

> Or

> I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following

- 70 -

decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court (citing specifically the case or cases).

/s/ _____

_____

Attorney for _____
(name of party)

_____

_____

(address, e-mail address, and phone number)
Florida Bar No. _____

**(3)    Disposition of Motion for Rehearing En Banc.** A motion for rehearing en banc shall be disposed of by order. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, ~~and may~~ require additional argument, or any combination of those options.

### Committee Notes

[No Change]

### Court Commentary

[No Change]

**RULE 9.350.        DISMISSAL OF CAUSES**

**(a)    [No Change]**

**(b)    Voluntary Dismissal.** A proceeding of an appellant or a petitioner may be dismissed before a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal; provided that dismissal shall not be effective until 10 days after ~~filing~~service of the notice of appeal or until 10 days after the time prescribed by rule 9.110(b), whichever is later. In a proceeding commenced under rule 9.120, dismissal shall not be effective until 10 days after the serving of the notice to

invoke discretionary jurisdiction or until 10 days after the time prescribed by rule 9.120(b), whichever is later.

**(c) – (d)     [No Change]**

**Committee Notes**

[No Change]

**RULE 9.360.     PARTIES**

**(a)     Joinder for Realignment as Appellant or Petitioner.** A~~n~~ ~~party to the cause in the lower tribunal~~appellee or respondent who desires to ~~join in a proceeding~~realign as ~~a petitioner or~~an appellant or petitioner shall serve a notice ~~to that effect~~of joinder no later than the latest of the following:

(~~i~~1)     within 10 days of service of a timely filed ~~petition or~~ notice of appeal or petition;

(~~ii~~2)     within the time prescribed for filing a notice of appeal; or

(~~iii~~3)     within the time prescribed in rule 9.100(c).

The notice of joinder, accompanied by any filing fees prescribed by law, shall be filed either before service or immediately thereafter ~~in the same manner as the petition or notice of appeal~~. The body of the notice shall set forth the proposed new caption. Upon filing of the notice and payment of the fee, the clerk shall change the caption to reflect the realignment of the parties in the notice.

**(b)     Attorneys~~,~~; Representatives~~,~~; ~~and~~ Guardians Ad Litem.** Attorneys, representatives, and guardians ad litem in the lower tribunal shall retain their status in the court unless others are duly appointed or substituted; however, for limited representation proceedings under Florida Family Law Rule of Procedure 12.040, representation terminates upon the filing of a notice of completion titled "Termination of Limited Appearance" pursuant to rule 12.040(c).

**(c)     Substitution of Parties.**

(1) – (3)     [No Change]

(4)    If a person entitled to file a notice of appeal dies before filing and that person's rights survive, the notice may be filed by the personal representative, the person's attorney of record, or, if none, by any interested person. Following filing, the proper party shall be substituted.

## Committee Notes

**1977 Amendment.** [No Change]

**2018 Amendment.** The title of subdivision (a) was amended to clarify that the joinder permitted by this rule is only for the purpose of realigning existing parties to the appeal. The required notice pursuant to subdivision (a) retains the original terminology and continues to be referred to as a "notice of joinder" consistent with the existing statutory scheme to collect a fee for filing such a notice. Subdivision (a) was also amended to remove the prior directions for filing the notice "in the same manner as the petition or notice of appeal," so that a notice of realignment is now properly filed in the court.

## RULE 9.370.    AMICUS CURIAE

**(a)    When Permitted.** An amicus curiae may file a brief only by leave of court. A motion for leave to file must state the movant's interest, the particular issue to be addressed, how the movant can assist the court in the disposition of the case, and whether all parties consent to the filing of the amicus brief.

**(b)    Contents and Form.** An amicus brief must comply with Rrule 9.210(b) but shall omit a statement of the case and facts and may not exceed 20 pages. The cover must identify the party or parties supported. An amicus brief must include a concise statement of the identity of the amicus curiae and its interest in the case.

**(c)    Time for Service.** An amicus curiae must serve its brief no later than 10 days after the first brief, petition, or response of the party being supported is filed. An amicus curiae that does not support either party must serve its brief no later than 10 days after the initial brief or petition is filed. A court may grant leave for later service, specifying the time within which an opposing party may respond. The service of an amicus curiae brief does not alter or extend the briefing deadlines for the parties. An amicus curiae may not file a reply brief. Leave of court is

required to serve an amicus brief in support of or opposition to a motion for rehearing, rehearing en banc, or for certification to the supreme court.

**(d)** **Notice of Intent to File Amicus Brief in the Supreme Court of Florida.** When a party has invoked the discretionary jurisdiction of the supreme court, an amicus curiae may file a notice with the court indicating its intent to seek leave to file an amicus brief on the merits should the court accept jurisdiction. The notice shall state briefly why the case is of interest to the amicus curiae, but shall not contain argument. The body of the notice shall not exceed one1 page.

**Committee Notes**

[No Change]

**RULE 9.380.** **NOTICE OF RELATED CASE OR ISSUE**

A party is permitted to file a notice of related case or issue informing the court of a pending, related case arising out of the same proceeding in the lower tribunal or involving a similar issue of law. The notice shall only include information identifying the related case. The notice shall not contain argument and shall be in substantially the format prescribed by rule 9.900(k).

**RULE 9.400.** **COSTS AND ATTORNEYS' FEES**

**(a)** **Costs.** Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include:

(1) – (4) [No Change]

Costs shall be taxed by the lower tribunal on a motion served no later than 45 days after rendition of the court's order. If an order is entered either staying the issuance of or recalling a mandate, the lower tribunal is prohibited from taking any further action on costs pending the issuance of a mandate or further order of the court.

**(b)** **Attorneys' Fees.** With the exception of motions filed pursuant to rule 9.410(b), a motion for attorneys' fees shall state the grounds on which recovery is sought and shall be served not later than:

(1)     in appeals, the time for service of the reply brief; ~~or~~

(2)     in original proceedings, the time for service of the petitioner's reply to the response to the petition~~.~~;

(3)     in discretionary review proceedings commenced under rule 9.030(a)(2)(A) in which jurisdictional briefs are permitted, the time for serving the respondent's brief on jurisdiction, or if jurisdiction is accepted, the time for serving the reply brief; or

(4)     in discretionary review proceedings in which jurisdiction is invoked under rule 9.030(a)(2)(A)(v), not later than 5 days after the filing of the notice, or if jurisdiction is accepted, the time for serving the reply brief.

The assessment of attorneys' fees may be remanded to the lower tribunal. If attorneys' fees are assessed by the court, the lower tribunal may enforce payment.

**(c)     [No Change]**

**Committee Notes**

**1977 Amendment.**          [No Change]

**2018 Amendment.** Subdivision (b) is amended to specify the time limit for serving a motion for attorneys' fees in a discretionary review proceeding in the Supreme Court of Florida. Absent a statement to the contrary in the motion, any timely motion for attorneys' fees, whether served before or after the acceptance of jurisdiction, will function to request attorneys' fees incurred in both the jurisdiction and merits phases of the proceeding. As a result, generally only 1 motion per party per proceeding is contemplated.

**RULE 9.410.          SANCTIONS**

**(a)     Court's Motion.** After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other ~~paper~~document that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions.

**(b)     Motion by a Party.**

**(1)** **[No Change]**

**(2)** **Proof of Service.** A motion seeking attorneys' fees as a sanction shall include an initial certificate of service, pursuant to rule 9.420(d) and subdivision (b)(3) of this rule, and a certificate of filing, pursuant to subdivision (b)(4) of this rule.

**(3)** **Initial Service.** A copy of a motion for attorneys' fees as a sanction must initially be served only on the party against whom sanctions are sought. That motion shall be served no later than the time for serving any permitted response to a challenged ~~paper~~document or, if no response is permitted as of right, within 15 days after a challenged ~~paper~~document is served or a challenged claim, defense, contention, allegation, or denial is made at oral argument. A certificate of service that complies with rule 9.420(d) and that reflects service pursuant to this subdivision shall accompany the motion and shall be taken as prima facie proof of the date of service pursuant to this subdivision. A certificate of filing pursuant to subdivision (b)(4) of this rule shall also accompany the motion, but should remain undated and unsigned at the time of the initial service pursuant to this subdivision.

**(4)** **Filing and Final Service.** If the challenged ~~paper~~document, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected within 21 days after initial service of the motion under subdivision (b)(3), the movant may file the motion for attorneys' fees as a sanction with the court (~~a~~A) no later than the time for service of the reply brief, if applicable, or (~~b~~B) no later than 45 days after initial service of the motion, whichever is later.

The movant shall serve upon all parties the motion filed with the court. A certificate of filing ~~which~~that complies in substance with the form below, and which shall be dated and signed at the time of final service pursuant to this subdivision, shall be taken as prima facie proof of such final service.

I certify that on .....(date)....., a copy of this previously served motion has been furnished to .....(court)..... by .....hand delivery/mail/other delivery source..... and has been furnished to .....(name or names)..... by .....hand delivery/mail/other delivery source......

~~/s/~~ _____

~~Attorney for .....(name of party).....~~

~~.....(address, e-mail address, and phone~~

- 76 -

~~number).....~~
~~Florida Bar No. ...........~~

**(5)**     **[No Change]**

**Committee Notes**

[No Change]

**RULE 9.420.**     **FILING; SERVICE OF COPIES; COMPUTATION OF TIME**

**(a)**     **Filing.**

**(1)**     **[No Change]**

**(2)**     **Inmate Filing.** The filing date of a document filed by a pro se inmate confined in an institution shall be presumed to be the date it is stamped for filing by the clerk of the court, except as follows:

**(A)**     ~~T~~the document shall be presumed to be filed on the date the inmate places it in the hands of an institutional official for mailing if the institution has a system designed for legal mail, the inmate uses that system, and the institution's system records that date~~,~~; or

**(B)**     ~~T~~the document shall be presumed to be filed on the date reflected on a certificate of service contained in the document if the certificate is in substantially the form prescribed by subdivision (d)(1) of this rule and either:

**(i) – (ii)**     [No Change]

**(b)**     **Service.**

**(1)**     **[No Change]**

**(2)**     **By the Clerk of Court.** A copy of all orders and decisions shall be transmitted, in the manner set forth for service in rule 9.420(c), by the clerk of the court to all parties at the time of entry of the order or decision, without first requiring payment of any costs for the copies of those orders and decisions. Prior to the court's entry of an order or decision, the court may require that the parties

- 77 -

furnish the court with stamped, addressed envelopes for ~~transmittal~~transmission of the order or decision.

**(c)** **Method of Service.** Service of every document filed in a proceeding governed by these rules (including any briefs, motions, notices, responses, petitions, and appendices) shall be made in conformity with the requirements of Florida Rule of Judicial Administration 2.516(b), except that ~~the initial document filed in a proceeding governed by these rules (including any notice to invoke jurisdiction, notice of appeal, or petition for an original writ)~~petitions invoking the original jurisdiction of the court under rule 9.030(a)(3), (b)(3), or (c)(3) shall be served both by e-mail pursuant to rule 2.516(b)(1) and in paper format pursuant to rule 2.516(b)(2).

**(d) – (e)** **[No Change]**

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

**RULE 9.430.** **PROCEEDINGS BY INDIGENTS**

**(a)** **Appeals.** A party who has the right to seek review by appeal without payment of costs shall, unless the court directs otherwise, file a signed application for determination of indigent status with the clerk of the lower tribunal, using an application form approved by the ~~S~~supreme ~~C~~court for use by circuit court clerks. The clerk of the lower tribunal's reasons for denying the application shall be stated in writing and are reviewable by the lower tribunal. Review of decisions by the lower tribunal shall be by motion filed in the court.

**(b)** **[No Change]**

**(c)** **Incarcerated Parties.**

**(1)** **Presumptions.** In the absence of evidence to the contrary, a court may, in its discretion, presume that:

(A) assertions in an application for determination of indigent status filed by an incarcerated party under this rule are true,; and

(B) [No Change]

**(2) Non-Criminal Proceedings.** Except in cases involving criminal or collateral proceedings, an application for determination of indigent status filed under this rule by a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing shall contain substantially the same information as required by an application form approved by the Ssupreme Ccourt for use by circuit court clerks. The determination of whether the case involves an appeal from an original criminal or collateral proceeding depends on the substance of the issues raised and not on the form or title of the petition or complaint. In these non-criminal cases, the clerk of the lower tribunal shall require the party to make a partial prepayment of court costs or fees and to make continued partial payments until the full amount is paid.

**(d) Parties in Juvenile Dependency and Termination of Parental Rights Cases; Presumption.** In cases involving dependency or termination of parental rights, a court may, in its discretion, presume that any party who has been declared indigent for purposes of proceedings by the lower tribunal remains indigent, in the absence of evidence to the contrary.

## Committee Notes

[No Change]

## RULE 9.500. ADVISORY OPINIONS TO GOVERNOR

**(a)** [No Change]

**(b) Procedure.** As soon as practicable after the filing of the request, the justices shall determine whether the request is within the purview of article IV, section 1(c), of the Florida Constitution, and proceed as follows:

(1) If 4 justices concur that the question is not within that purviewthe purview of article IV, section 1(c) of the Florida Constitution, the governor shall be advised forthwith in writing and a copy shall be filed in the clerk's office.

(2)    If the request is within ~~that~~the purview of article IV, section 1(c) of the Florida Constitution, the court ~~may~~shall permit ~~persons whose substantial interests may be affected to be heard,~~ subject to its rules of procedure, interested persons to be heard on the questions presented through briefs, oral argument, or both. ~~If the court determines to receive briefs or hear oral argument, it shall set the time for filing briefs, the date of argument, and the time allotted. The court may appoint amicus curiae and prescribe their duties.~~

(3)    The justices shall file their opinions in the clerk's office not earlier than 10 days from the filing and docketing of the request, unless in their judgment the delay would cause public injury. The governor shall be advised forthwith in writing. ~~Copies shall be delivered to the governor.~~

## Committee Notes

[No Change]

## RULE 9.510.    ADVISORY OPINIONS TO ATTORNEY GENERAL

**(a) – (b)    [No Change]**

**(c)    Procedure.** ~~The justices must initially determine whether the request is within the purview of article V, section 3(b)(10), Florida Constitution, and proceed as follows:~~

~~(1)    If 4 justices concur that the request is not within that purview, the attorney general will be advised immediately in writing and a copy will be filed in the clerk's office.~~

~~(2)~~(1) ~~If the request is within the purview, t~~The court ~~may~~shall permit, ~~the attorney general and other interested persons to be heard~~subject to its rules of procedure, interested persons to be heard on the questions presented through briefs, oral argument, or both. ~~If the court decides to receive briefs or hear oral argument, it will establish the time for filing briefs, the date of argument, and the time allotted.~~

(2)    The justices shall render their opinions no later than April 1 of the year in which the initiative is to be submitted to the voters pursuant to article XI, section 5 of the Florida Constitution.

## RULE 9.700.    MEDIATION RULES

**(a)    Applicability.** Rules 9.700–9.740 apply to all appellate courts, including circuit courts exercising jurisdiction under rule 9.030(c), district courts of appeal, and the ~~S~~supreme ~~C~~court ~~of Florida~~.

**(b) – (d)    [No Change]**

**(e)    Motion to Dispense with Mediation.** A motion to dispense with mediation may be served not later than 10 days after the discovery of the facts ~~which~~that constitute the grounds for the motion, if:

(1) – (2)    [No Change]

## RULE 9.710.    ELIGIBILITY FOR MEDIATION

Any case filed may be referred to mediation at the discretion of the court, but under no circumstances may the following categories of actions be referred:

~~(a)    Criminal and post-conviction cases.~~

~~(b)    Habeas corpus and extraordinary writs.~~

~~(c)    Civil or criminal contempt.~~

~~(d)    Involuntary civil commitments of sexually violent predators.~~

~~(e)    Collateral criminal cases.~~

~~(f)    Other matters as may be specified by administrative order.~~

(a)    criminal and postconviction cases;

(b)    habeas corpus and extraordinary writs;

(c)     civil or criminal contempt;

(d)     involuntary civil commitments of sexually violent predators;

(e)     collateral criminal cases; and

(f)     other matters as may be specified by administrative order.


**RULE 9.720.     MEDIATION PROCEDURES**

**(a)     Appearance.** If a party to mediation is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, that party shall be deemed to appear at a mediation conference by the physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. Otherwise, unless changed by order of the court, a party is deemed to appear at a mediation conference if the following persons are physically present or appear electronically upon agreement of the parties:

(1)     Tthe party or its representative having full authority to settle without further consultation.;

(2)     Tthe party's trial or appellate counsel of record, if any. If a party has more than one1 counsel, the appearance of only one1 counsel is required.; and

(3)     Aa representative of the insurance carrier for any insured party who is not such carrier's outside counsel and who has full authority to settle without further consultation.

**(b)     Sanctions.** If a party fails to appear at a duly noticed mediation conference without good cause, the court, upon motion of a party or upon its own motion, may impose sanctions, including, but not limited to, any or all of the following, against the party failing to appear:

(1)     Aan award of mediator and attorneys' fees and other costs or monetary sanctions.;

(2)     Tthe striking of briefs.;

(3)     Eelimination of oral argument.; or

(4)     Ddismissal or summary affirmance.

**(c) – (g)     [No Change]**

**Committee Note**

[No Change]

## RULE 9.900.    FORMS

### (a)    Notice of Appeal.

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____, )
Defendant/Appellant,           )
                               )    NOTICE OF APPEAL
v.                             )
                               )
_____, )
Plaintiff/Appellee.            )
                               )
_____ )

NOTICE IS GIVEN that ~~.........~~_____, Defendant/Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(~~i~~h)] .....(date)...... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d), and 9.160(c).] The nature of the order is a final order .....(state nature of the order)......

_____
Attorney for …..(name of party)…..
…..(address, e-mail address, and phone number)…..
Florida Bar No. ……….

**(b)** **Notice of Cross-Appeal.**

|  |  | IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED)..... |
|---|---|---|

Case No. _____

_____, )
Defendant/Appellant,                )
Cross-Appellee,                     )
                                    )     NOTICE OF CROSS-APPEAL
v.                                  )
                                    )
_____, )
Plaintiff/Appellee                  )
Cross-Appellant.                    )
_____  )

NOTICE IS GIVEN that _____, Plaintiff/Cross-Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(ih)] .....(date)...... The nature of the order is a final order .....(state nature of the order)......

_____
Attorney for …..(name of party)…..
…..(address, e-mail address, and phone number)…..
Florida Bar No. ……….

**(c)** **Notice of Appeal of ~~Non-Final~~Nonfinal Order.**

**(1)** **Notice of Appeal of ~~Non-Final~~Nonfinal Order**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____, )
Defendant/Appellant,                    )
                                                           )      NOTICE OF APPEAL OF A ~~NON-FINAL~~
v.                                                        )      NONFINAL ORDER
                                                           )
_____, )
Plaintiff/Appellee.                        )
                                                           )
_____ )

NOTICE IS GIVEN that _____, Defendant/Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(~~i~~h)] .....(date)...... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d), 9.130(c), and 9.160(c).] The nature of the order is a ~~non-final~~nonfinal order .....(state nature of the order)......

_____
Attorney for …..(name of party)…..
…..(address, e-mail address, and phone number)…..
Florida Bar No. ……….

**(2)** **Notice of Cross-Appeal of ~~Non-Final~~Nonfinal Order.**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____, )
Defendant/Appellant/ )
Cross-Appellee, )
v. )          NOTICE OF CROSS-APPEAL OF A
) ~~NON-FINAL~~NONFINAL ORDER
_____, )
Plaintiff/Appellee/ )
Cross-Appellant. )
_____ )

      NOTICE IS GIVEN that _____, Plaintiff/Cross-Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(~~i~~h)] .....(date)...... The nature of the order is a ~~non-final~~nonfinal order .....(state nature of the order)......

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ..........

**(d)     Notice to Invoke Discretionary Jurisdiction of Supreme Court.**

IN THE DISTRICT COURT
OF APPEAL OF FLORIDA,
_____ DISTRICT

Case No. _____

_____, )
Defendant/Petitioner,                )
                                                  )          NOTICE TO INVOKE
v.                                                )          DISCRETIONARY
                                                  )          JURISDICTION
_____, )
Plaintiff/Respondent.                )
                                                  )
_____      )

        NOTICE IS GIVEN that _____, Defendant/Petitioner, invokes the discretionary jurisdiction of the supreme court to review the decision of this court rendered [see rule 9.020(ji)] .....(date)...... The decision .....(state why the decision is within the supreme court's jurisdiction)......[1]

_____
Attorney for …..(name of party)…..
…..(address, e-mail address, and phone number)…..
Florida Bar No. ……….

1. The choices are:

        a.      expressly declares valid a state statute.

        b.      expressly construes a provision of the state or federal constitution.

        c.      expressly affects a class of constitutional or state officers.

        d.      expressly and directly conflicts with a decision of another district court of appeal

or of the supreme court on the same question of law.

        e.      passes on a question certified to be of great public importance.

        f.      is certified to be in direct conflict with decisions of other district courts of appeal.

See rule 9.030(a)(2)(A).

        *Note: West shows the footnotes for Rule 9.900(d) at the end of the entire rule, and not at the end of subdivision (d).*

**(e)    Notice of Administrative Appeal.**

IN THE .....(NAME OF AGENCY, OFFICER, BOARD, COMMISSION, OR BODY WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____, )
Defendant */Appellant,            )
                                           )    NOTICE OF ADMINISTRATIVE
v.                                        )    APPEAL
                                           )
_____, )
Plaintiff */Appellee.                )
                                           )
_____  )

        NOTICE IS GIVEN that _____, Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this .....(name of agency, officer, board, commission, or body whose order is to be reviewed)..... rendered [see rule 9.020(~i~h)] .....(date)...... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d) and 9.130(c).] The nature of the order is .....(state nature of the order)......

                                                    _____
                                                    Attorney for .....(name of party).....
                                                    .....(address, e-mail address, and phone number).....
                                                    Florida Bar No. ..........

* or other appropriate designation

- 89 -

**(f)     Notice of Appeal of an Order Dismissing a Petition for a Judicial Waiver of Parental Notice of Termination of Pregnancy and Advisory Notice to Minor.**

IN THE CIRCUIT COURT FOR THE
\_\_\_ JUDICIAL CIRCUIT (NUMERICAL
DESIGNATION OF THE CIRCUIT) IN
AND FOR _____
COUNTY, FLORIDA

Case No. _____

In re: Petition for a Judicial      )
Waiver of Parental Notice of      )
Termination of Pregnancy.        )
                                               )
                                               )      NOTICE OF APPEAL
                                               )
_____  )
(Your pseudonym or initials)       )
                                               )
Appellant.                               )
_____  )

        NOTICE IS GIVEN that _____ …..(your pseudonym or initials)….., appeals to the \_\_ _____ …..(District Court of Appeal with appellate jurisdiction)….., the order of this court rendered _____ …..(enter the date that the order was filed on the clerk's docket)….. [See rule 9.020(~~i~~h)]. The nature of the order is a final order dismissing a petition for a judicial waiver of parental notice of termination of pregnancy.

Signature: _____
(As signed on your petition for judicial
waiver if you are representing yourself)
Date: _____
OR
Attorney for _____ (pseudonym
or initials of appellant)
(address, e-mail address, and phone number
of attorney)
Florida Bar No. _____

ADVISORY NOTICE TO THE MINOR YOU
ARE NOTIFIED AS FOLLOWS:

        1.     You are entitled to appeal the order dismissing your petition for a judicial waiver of parental notice of termination of pregnancy. You do not have to pay a filing fee for the appeal.

        2.     If you wish to appeal, you must file a notice of appeal. A form for the notice of appeal (Fla. R. App. P. 9.900(f)) will be provided to you with the order dismissing your petition.

You must fill in every blank on the form with the information requested. If you need assistance with the form, the clerk of the circuit court will help you complete it.

      3.      You must file the notice of appeal with the clerk of the circuit court where your case was heard. The notice of appeal must be filed within thirty (30) days of the date when the judge's written order dismissing your petition was filed with the clerk of the circuit court. If you do not file your notice of appeal within this time period your appeal will not be heard.

      4.      The notice of appeal is the only document you need to file in connection with your appeal. You may file a motion to seek permission to file a brief in your case, or to request oral argument of your case. These motions or any other motions or documents you file concerning your appeal, except the notice of appeal, must be mailed or delivered to the appellate court for filing. The appellate court that will be reviewing your case is:

The  _____ District Court of Appeal

_____

_____
(address of the District Court of Appeal)

Telephone number: _____

      (Note: The clerk of the circuit court will fill in the blanks above with the appropriate court information).

      5.      You may request a lawyer to represent you in your appeal. You must tell the judge who heard your petition for a judicial waiver of parental notification of termination of pregnancy that you wish to have a lawyer appointed.

**(g)    Directions to Clerk.**

IN THE .....(NAME OF LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

|  |  |
|---|---|
| _____, ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | |
| ) | DIRECTIONS TO CLERK |
| _____, ) | |
| Defendant/Appellee. ) | |
| _____) | |

Plaintiff/Appellant, _____, directs the clerk to .....(include/exclude)..... the following items .....(in/from)..... the record described in rule 9.200(a)(1):

ITEM                                    DATE FILED

1.

[List of Desired Items]

2.

Note: This form is necessary only if a party does not wish to rely on the record that will be automatically prepared by the clerk under rule 9.200(a)(1).

**(h)** **Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist.**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____ , )
Plaintiff/Appellant,           )
                               )
v.                             )
                               )
_____ , )
Defendant/Appellee.      )
                               )
_____ )

DESIGNATION TO APPROVED COURT REPORTER, CIVIL COURT REPORTER, OR APPROVED TRANSCRIPTIONIST, AND REPORTER'S OR APPROVED TRANSCRIPTIONIST'S ACKNOWLEDGEMENT

I.     DESIGNATION

Plaintiff/Appellant, _____, files this Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist and directs .....(name of approved court reporter, civil court reporter, or approved transcriptionist)..... to transcribe the following portions of the trial proceedings to be used in this appeal [for cases where a party is exempt from service by electronic mail as set forth in the Florida Rules of Judicial Administration, state the following and provide paper copies of the transcript(s) in paper format]:

1.     The entire trial proceedings recorded by the reporter on .....(date)..... before the Honorable .....(judge)....., except _____ .

2.     [Indicate all other portions of reported proceedings.]

3.     The approved court reporter, civil court reporter, or approved transcriptionist is directed to file the original with the clerk of the lower tribunal and to serve ~~one~~1 copy on each of the following:

     1.

     2.

     3.

I, counsel for ~~A~~appellant, certify that I have made satisfactory financial arrangements ~~have been made~~ with the approved court reporter, civil court reporter, or approved transcriptionist for preparation of the transcript, and I have served a designation on the approved court reporter, civil court reporter, or approved transcriptionist.

_____

Attorney for …..(name of party)…..
…..(address, e-mail address, and phone number)…..
Florida Bar No. ……….

II.        APPROVED COURT REPORTER'S, CIVIL COURT REPORTER'S, OR APPROVED TRANSCRIPTIONIST'S ACKNOWLEDGMENT

1.        The foregoing designation was served on …..(date)….., and received on …..(date)......

2.        Satisfactory arrangements have ( ) have not ( ) been made for payment of the transcript cost. These financial arrangements were completed on …..(date)......

3.        Number of trial or hearing days ____.

4.        Estimated number of transcript pages ____.

5a.        The transcript will be available within 30 days of service of the foregoing designation and will be filed on or before …..(date)......

OR

5b.        For the following reason(s) the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time of ____ days for preparation of the transcript that will be filed on or before …..(date)......

6.        Completion and filing of this acknowledgment by the approved court reporter, civil court reporter, or approved transcriptionist constitutes submission to the jurisdiction of the court for all purposes in connection with these appellate proceedings.

7.        The undersigned approved court reporter, civil court reporter, or approved transcriptionist certifies that the foregoing is true and correct and that a copy has been furnished by mail ( ) hand delivery ( ) e-mail ( ) on …..(date)….., to each of the parties or their counsel.

_____

Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist
…..(address)…..

Note:   The foregoing approved court reporter's, civil court reporter's, or approved transcriptionist's acknowledgment to be placed "at the foot of" or attached to a copy of the designation, shall be properly completed, signed by the approved court reporter, and filed with the clerk of the appellate court within 5 days of service of the designation on the approved court reporter, civil court reporter, or approved transcriptionist. A copy shall be served on all parties or their counsel, who shall have 5 days to object to any requested extension of time. See Fla. R. App. P. 9.200(b)(1), (b)(2), & (b)(3).

**(i)  Civil Supersedeas Bond.**

…..(Title of Court)…..

Case No. _____

_____, )
Plaintiff,                              )
                                         )
v.                                       )          CIVIL SUPERSEDEAS BOND
                                         )
_____, )
Defendant.                           )
_____ )

    We, _____ as Principal, and _____ as Surety, are held and firmly bound unto _____ in the principal sum of $_____, for the payment of which we bind ourselves, our heirs, personal representatives, successors, and assigns, jointly and severally.

    The condition of this obligation is: the above-named Principal has entered an appeal to the …..(court)….. to review the …..(judgment or order)….. entered in the above case on …..(date)….., and filed in the records of said court in book _____ at page_____.

    NOW THEREFORE, if the Principal shall satisfy any money judgment contained in the judgment in full, including, if allowed by law, costs, interest, and attorneys' fees, and damages for delay in the event said appeal is dismissed or said judgment is affirmed, then this obligation shall be null and void; otherwise to remain in full force and effect.

Signed on …..(date)….., at …..(place)…..

                                                        /s/_____
                                                        Principal

Signed on …..(date)….., at …..(place)…..

                                                        /s/_____
                                                        Surety

**(j)** **Notice of Supplemental Authority**

…..(Title of Court)…..

Case No.÷ _____

_____, )
Appellant/Petitioner,   )
         )
v.        )   NOTICE OF SUPPLEMENTAL
         )   AUTHORITY
_____, )
Appellee/Respondent.  )
         )
_____ )

  [Appellant/Petitioner] [Appellee/Respondent], _____, submits as supplemental authority the [decision/rule/statute/other authority] of _____, a copy of which is attached to this notice. The supplemental authority is pertinent to the issue on appeal identified as _____ and [discussed on pages _____ of the _____ brief] [raised at oral argument].

        _____
        Attorney for …..(name of party)…..
        …..(address, e-mail address, and phone
        number)…..
        Florida Bar No. ……….

### (k)     Notice of Related Case.

…..(Title of Court)…..

Case No. _____

_____, )
Appellant/Petitioner,                )
_____)
v. _____)          NOTICE OF RELATED
_____)          CASE OR ISSUE
_____, )
Appellee/Respondent.             )
_____)
_____)

NOTICE IS GIVEN of …..(case style and number)….., pending in …..(name of court)….., which is related to this matter because …..(identify the same facts from which both matters arise or the similar legal issue being addressed in both matters)……

_____
Attorney for …..(name of party)…..
…..(address, e-mail address, and phone number)…..
Florida Bar No. ……….

**(*l*)     Notice of Joinder.**

…..(Title of Court)…..

Case No. _____

_____, )
Appellant/Petitioner,          )
_____ )
v._____ )          NOTICE OF JOINDER
_____ )
_____, )
Appellee/Respondent.       )
_____ )
_____ )

NOTICE IS GIVEN that _____, [appellee/respondent] elects to realign as a(n) [appellant/petitioner] in this action, in accordance with rule 9.360(a). The proposed new caption is:

[insert proposed new caption here]

_____
Attorney for …..(name of party)…..
…..(address, e-mail address, and phone number)…..
Florida Bar No. ………..

## Committee Notes

## [No Change]